# The Montour Iron Company *versus* Coleman.

Where a note is signed by one as agent of another, or a bill of exchange is addressed to one as agent of another and is so accepted, and suit is brought thereon against the principal, and a copy of the instrument is filed pursuant to the Act of Assembly, the plaintiff is entitled to judgment, unless an affidavit be filed denying the authority of the agent, or setting forth some other sufficient defence.

ERROR to the District Court of *Philadelphia.*

Assumpsit. The plaintiff below was G. D. Coleman, and he filed the following, as copies of the instruments on which his suit was brought, and in due course asked for judgment, for want of an affidavit of defence:—

Office of the Montour Iron Company,

No. 26.                       Philadelphia, August 1, 1854.
Dolls. 4992.00

Four months after date, The Montour Iron Company promise to pay to the order of Thomas Chambers, Pr., four thousand nine hundred and ninety-two $\frac{00}{100}$ dollars, without defalcation, value received.                       THO. CHAMBERS, Pres't.

Payable at the Girard Bank.

Across the face of this was written: "Accepted, payable at the Girard Bank.                       THO. CHAMBERS, Pres."

*Endorsed*—Tho. Chambers, Pres't.

* See 2 *Casey* 149.

[The Montour Iron Co. v. Coleman.]

Philadelphia, Oct. 10, 1854.

$1500.

Sixty days after date, pay to our order, fifteen hundred dollars, and charge as advised by yours, &c.

COLEMAN & KELTON.

Thomas Chambers, Pres't Montour Iron Company.

*Endorsed*—Coleman & Kelton.

Across the face of this was written: "Accepted, payable at the Girard Bank.　　　　THO. CHAMBERS, Pres't."

October 20th, 1854.

$3904.

Sixty days after date, pay to the order of Messrs. Coleman & Kelton, thirty-nine hundred and four dollars, value received, and place to account of

COLEMAN & KELTON.

No. 1.

To Thomas Chambers, Esq., Presd't Montour Iron Co., Philadelphia.

*Endorsed*—Coleman & Kelton.

Across the face of this was written: "Accepted, payable at the Girard Bank.　　　. THO. CHAMBERS, Pres't."

The defendants objected that the instruments showed the promises only of Thos. Chambers and not of the defendants; but the court gave judgment for the plaintiff below; and hence this writ of error, which was heard and decided in February 1856.

*Gerhard* and *St. G. T. Campbell,* for plaintiff.—3 *Wend.* 94; 8 *Cow.* 33; 17 *Wend.* 40; 2 *Met.* 47; 3 *Kelly* 283; 9 *Mis.* 169, 377; 5 *Geo.* 472; 2 *Eng.* 103; 1 *N. Jer.* 683; 1 *Iowa* 231; *Story on Agency,* §§ 276–8; *Story on Prom. Notes,* § 69; *Story on Bills,* § 76; *Byles on Bills* 92; 4 *Comst.* 208; 13 *Barb. S. C. R.* 636; 9 *Johns.* 334; 7 *Cow.* 453; 24 *Eng. L. & E.* 403; 12 *Ad. & E.* 745; 2 *Str.* 955.

*M. P. Henry,* for defendant.—10 *Barr* 13; Act of 28th March 1835, § 1, *P. L.* 88; 2 *W. & S.* 553, 447; 2 *Whart.* 177; 6 *Harris* 354; 9 *Mees. & W.* 98; 2 *Met.* 319; 3 *Com. B. R.* 519; 8 *Pick.* 56; 2 *Watts* 83; 5 *Whart.* 313; 2 *Binn.* 201; 1 *Doug.* 457; 18 *Pick.* 63; 1 *Denio* 608; 2 *Fairf.* 267; 16 *Mass.* 461; 4 *Hill* 357; 2 *Southard* 828; 10 *Wend.* 276; 1 *Kernan* 200; 5 *Wheat.* 326; 9 *Mass.* 335; 4 *McLean* 208; 33 *Maine* 106; 21 *Conn.* 627; 4 *Com. B.* 686; 1 *Zabriskie* 606.

The opinion of the court was delivered by

[The Montour Iron Co. v. Coleman.]

LOWRIE, J.—The filing of these instruments in this suit, involves the charge that they are the promises of the defendants by their agent, and such would be the allegation of the declaration. Even assuming that *primâ facie* they are the agents, the plaintiff might prove the contrary, 17 *Wend.* 40; 1 *New Jersey* 683; and must do so in order to succeed, if the defendants deny it in the form required by law. Of the bills, this could not be, if they had been drawn on and accepted by Chambers, without any notice of his representative character. If the suit had been brought and the claims filed against *him*, this would have involved the allegation that he was not the agent of the company, though professing so to act; and he would have been under the necessity of meeting this by affidavit. There are cases enough showing that the averments necessarily involved in the plaintiff's case must be so met: 2 *W. & S.* 447, 553; 2 *Whart.* 177; 18 *State R.* 354. If the suit be against one man, and notes are filed to which he has no appearance of being a party, the suit cannot be on them; and we cannot imply an averment that he is a party. But here the record raises the implication of an averment that the defendants are the real promissors.

Judgment affirmed.