| 56 | 33 |
|---|---|
| j 20 SC | 1320 |
| 56 | 33 |
| 23 SC | 1469 |
| 56 | 33 |
| f214 | 1158 |
| 56 | 33 |
| 215 | 1 74 |

## Thompson *versus* Clark.

1. If an affidavit of defence sets forth substantially a good defence, it should be supported.

2. An averment that a draft did not belong to the payee, but to the drawer, who had been fully paid by the acceptor, sets up a good defence in a suit by the payee against the acceptor, and should put the payee upon proof of his interest in the paper.

3. The defendant swore according to his belief, but added " all of which he believes he can prove;" this brings the case within Black *v.* Halstead, 3 Wright 64.

October 22d 1867.	Before THOMPSON, STRONG, READ and AGNEW, JJ.	WOODWARD, C. J., absent.

Error to the Court of Common Pleas of *Erie county:* No. 108, to October and November Term 1867.

This was an action of assumpsit by D. C. Clark against V. M. Thompson, commenced June 20th 1867.	The cause of action was the following draft and acceptance :—

"$200.00.			Titusville, Pa., Dec. 13th 1866.

"At three months' sight, pay to the order of D. C. Clark, Esq., Two Hundred Dollars, value received, and charge the same to account of			D. L. GRAY.

" To V. M. Thompson, Esq., Erie, Penn.

" Dec. 24th 1866.—Accepted, payable at Marine National.

				" V. M. THOMPSON."

Endorsed " Pay National Marine Bank, D. C. Clark."

The draft was protested for nonpayment March 27th 1867.

A copy of the claim having been filed, the defendant filed an affidavit of defence as follows :—

" That he has a just and full defence to the whole of plaintiff's claim, the nature of which is as follows :—That D. L. Gray, the drawer or maker of the draft, upon the acceptance of which by defendant, this suit was brought, was engaged by the Thompson Oil Company to do certain work.	That defendant advanced to him from time to time, money to apply upon said work, and also this draft, to an amount exceeding the value of the work done. That the draft in controversy in this suit was made payable to the order of D. C. Clark, the plaintiff in this suit, but that the said draft was never endorsed by said Clark, and, as defendant believes, never belonged to him, nor does it now belong to him; but, as defendant believes, has heretofore belonged and does now belong to said D. L. Gray.	That defendant has overpaid said Gray for the work done for said Thompson Oil Company, and that nothing is now due him from defendant; all of which he believes he can prove."

6 P. F. SMITH—3

[Thompson *v.* Clark.]

The court directed judgment against the defendant for want of a sufficient affidavit of defence, and the damages were liquidated at $207.25.

The entering of judgment was the error assigned.

*J. R. Thompson*, for plaintiff in error.

*E. Camphansen*, for defendant in error, cited Wheeler *v.* Wheeler, 1 E. D. Smith (N. Y.) 1; Black *v.* Halstead, 3 Wright 64.

The opinion of the court was delivered, October 28th, 1867, by

Agnew, J.—It is not necessary that an affidavit of defence should be drawn with so much nicety that no critical skill can suggest an objection; but if it sets forth substantially a good defence it should be supported. It is impossible not to see that Thompson does aver in this affidavit, that the draft never was, and was not then, the property of Clark, the payee, but of a certain Gray to whom it was given for work done, which he has fully paid for, leaving nothing then unpaid to him. The fact, therefore, that the draft was drawn payable to Clark would amount to nothing, if it was for the benefit of Gray and Clark had no interest in it. As the legal holder he might sue and collect it for the use of Gray, but if the draft always was and still is the property of Gray, and it is proved (as the affidavit avers), that the defendant has overpaid him for his work by advances of money from time to time, and nothing is now due to him from the defendant, this is a good defence to the recovery of Clark, sufficient to put him upon proof of an interest of his own in the paper.

It is true Thompson swears according to his belief, but he also adds—" all of which he believes he can prove"—and this brings the case within the test of sufficiency stated in Black *v.* Halstead, 3 Wright 64.

Judgment reversed, and a *procedendo* awarded.