## Chatham National Bank, Appellant, *v.* Gardner.

*Limited partnership association—Failure to comply with statutory require-
ments—Act of June 2, 1874, P. L. 271.*

Where several persons attempt to form a limited partnership, under the
provisions of the act of June 2, 1874, P. L. 271, but fail to sign, acknowl-
edge and record a statement in writing in accordance with the provisions
of the act, and also subsequently attempt to amend the articles of associa-
tion, but the amendment is signed by one partner only, all of the parties
are liable to creditors as general partners.

*Limited partnership association—Promissory note—Signature to note.*

Where a promissory note shows on its face the name of a limited part-
nership association, and the note is signed by two individuals, one as sec-
retary and the other as treasurer, the note will be deemed an obligation
of the association, and not of the individuals who signed it.

Argued March 7, 1906.    Appeal, No. 16, March T., 1096,
by plaintiff, from judgment of C. P. Elk Co., April T, 1903,
No. 230, on verdict for defendants in case of Chatham National
Bank v. J. K. Gardner, A. M. McClain and George A. McClain,
trading as the Gardner Shingle Company, Limited.    Before
RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD
and BEAVER, JJ.    Reversed.

Assumpsit on promissory notes.    Before MAYER, P. J.
The facts are stated in the opinion of the Superior Court.
The court gave binding instructions for defendants.
Verdict and judgment for defendants.    Plaintiff appealed.

*Error assigned* was in directing a verdict for defendants.

*Fred H. Ely*, for appellant.—The defendants were liable as
general partners and the act of June 2, 1874, does not apply:
Eliot v. Himrod, 108 Pa. 569;   Van Horn v. Corcoran, 127
Pa. 255;   Haslet v. Kent, 160 Pa. 85;   Blumenthal v. Whit-
aker, 170 Pa. 309;   Sheble v. Strong, 128 Pa. 315;   Lee v.
Burnley, 195 Pa. 58.

The two partners had a right to issue the notes in suit and
Gardner is bound by their action:  Sedgwick v. Lewis, 70 Pa.

217; Investment Co. v. Russel, 148 Pa. 496; Haldeman & Grubb v. Bank of Middletown, 28 Pa. 440; Lancaster County Bank v. Garber, 178 Pa. 91; Moorehead v. Gilmore, 77 Pa. 118; Miller v. Consolidation Bank, 48 Pa. 514; Hoskinson v. Eliot, 62 Pa. 393; Phelan v. Moss, 67 Pa. 59; Hogg v. Orgill, 34 Pa. 344; Knight v. Pugh, 4 W. & S. 445; Hey v. Frazier, 1 Mona. 759.

The notes in suit are those of the Gardner Shingle Company, Limited: Sharpe v. Bellis, 61 Pa. 69; DeRoy v. Richards, 8 Pa. Superior Ct. 119; Falk v. Moebs, 127 U. S. 597. (8 Sup. Ct. Repr. 1319); Hitchcock v. Buchanan, 105 U. S. 416; Slawson v. Loring, 87 Mass. 340; Tripp v. Swanzey Paper Co., 30 Mass. 291; Fuller v. Hooper, 69 Mass. 334; Second Nat. Bank v. Midland Steel Co., 155 Ind. 581 (58 N. E. Repr. 833); Means v. Swormstedt, 32 Ind. 87; Hood v. Hallenbeck, 7 Hun (N. Y.), 362; Aggs v. Nicholson, 1 H. & N. 165.

*Harry Alvan Hall,* with him *W. W. Barbour* and *Eugene H. Baird,* for appellees.—A note or bill signed by an individual who adds to his name the title "administrator," "executor" or "guardian" will be considered his personal contract, and the addition a mere description personæ: Tassey v. Church, 4 W. & S. 346.

OPINION BY MORRISON, J., May 23, 1906:

This is an action of assumpsit brought to recover the amount of two certain promissory notes, against the defendants as general partners.

On September 26, 1900, the defendants attempted to form a limited partnership, under the provisions of the Act of June 2, 1874, P. L. 271, and the supplements to the said act. The defendants entirely failed to sign, acknowledge, and record a statement in writing in accordance with the provisions of said act. Subsequently, on February 28, 1901, an attempt was made to amend the articles of association by increasing the capital from $12,000 to $30,000, but this statement was not signed by any of the partners, except A. M. McClain. On account of the palpable defects in both statements in not sufficiently describing the property contributed by the partners, and because the amended statement was not signed as required

by law, the learned court below correctly held that the defendants were liable as general partners.

In Eliot v. Himrod et al., 108 Pa. 569, the Supreme Court, Mr. Justice TRUNKEY, p. 580, said : " Each partner is liable, unless saved by statute. If the partners have not complied with the statutory requirements, a limited partnership association has not been formed. Where there is no record of a proper statement, there is no statutory association. Where the chief requisite in the recorded statement is false, the partners who misstated the fact have no shield against the rule at common law respecting their liability for debts."

In Vanhorn v. Corcoran, 127 Pa. 255, it is held as stated in the syllabus : " Parties doing business as a limited partnership under a defective certificate of organization, are liable as general partners to a common-law action, and creditors are not confined to the remedy provided by section 2, of the act of June 2, 1874." See also Hill v. Stetler, 127 Pa. 145.

In Haslet et al. v. Kent et al., 160 Pa. 85, the members of a so-called limited partnership were held liable as general partners because their property contributed had not been scheduled and valued as the act of May 1, 1876, directs.

In Maloney et al. v. Bruce et al., 94 Pa. 249, it was held as stated in the syllabus : " If partners seek to have all the advantages of a partnership, and yet limit their liability to creditors, they must comply strictly with the act of June 2, 1874." See also Blumenthal Bros. & Co. v. Whitaker, 170 Pa. 309.

In First Nat. Bank v. Creveling, Miles & Co., 177 Pa. 270, members of an attempted limited partnership were held liable as general partners on account of a defective certificate under the act of 1874 and its supplements.

In Lee & Bacchus v. Burnley et al., 195 Pa. 58, it was held : " Each partner of a limited partnership association is liable unless saved by statute. If the partners have not complied with the statutory requirements, a limited partnership has not been formed."

We might multiply the citation of decisions upon this question but it is unnecessary as it clearly appears, from the record, and it was conceded at the argument, that these defendants had not complied with the act of 1874, and that they were

liable as general partners to bona fide creditors of the Gardner Shingle Company, Limited.

The learned court flatly held that the defendants were liable as general partners and then fell into error in measuring the rights and liabilities of the parties to this suit as if the defendant was a legal limited partnership. Upon this question the learned court said: " So we say in this case, the bank was bound to know that in order to create a valid debt or obligation of the company, the debt must have been contracted by a manager as provided in the act of May 10, 1889."

" We are of the opinion that these notes were the individual notes of A. M. McClain and George A. McClain. The association's name does not appear in them, and in order to bind it the name of the association must appear in the body of the notes, or the name of the association should have been signed to the notes."

This ruling of the court is, we think, clearly erroneous. First, the suit was upon two several promissory notes, each one of which was less than $500. Second, the notes were signed by George A. McClain, secretary, and A. M. McClain, treasurer, and it is conceded that both of these partners had been appointed managers of the Gardner Shingle Company, Limited. We will here copy one of the notes and they are both precisely alike, except as to amount and time of payment:

" $215.75                    RIDGWAY, PA., Nov. 26, 1902.
" Gardner Shingle Company, Ltd.

" Three months after date we promise to pay to the order of The Abbey Press Two hundred and fifteen 75-100 dollars, at Elk County National Bank, without defalcation, value received.

"GEORGE A. McCLAIN              A. M. McCLAIN,
      " Secretary.                    Treasurer."

The 20th section of the Act of May 16, 1901, P. L. 194, provides : " Where the instrument contains or a person adds to his signature words indicating that he signed for or on behalf of a principal, or in a representative capacity, he is not liable on

the instrument if he was duly authorized; but the mere addition of words describing him as an agent or as filling a representative character, without disclosing his principal, does not exempt him from personal liability."

In our opinion, the notes in suit plainly indicate upon their face that they were the notes of the Gardner Shingle Company, Limited, and being in writing, and signed by two of the partners, one as secretary and the other as treasurer, conclusively indicate that these persons did not make and execute the paper in their individual capacity. The note being that of the Gardner Shingle Company, which we have already seen was in law a general partnership, and the signatures being George A. McClain, secretary, and A. M. McClain, treasurer, the question at once arises, of what were they secretary and treasurer? Upon the face of this note but one answer can be made: that they were secretary and treasurer of the Gardner Shingle Company. Now, having found that the three members of that company were liable as general partners, it follows under well settled rules of law, that one or more of these partners could execute and deliver valid promissory notes within the apparent scope of the business of the partnership. It is not necessary to cite cases sustaining the proposition that each member of a general partnership is the agent of the firm in the transaction of business in which the firm is engaged. It is a conceded fact that the notes in suit are negotiable, and that the plaintiff is a holder of the same, bona fide for value, and without notice. Nothing but clear evidence of knowledge or notice, fraud or mala fides, can impeach the prima facie title of the holder of negotiable paper taken before maturity: Moorehead v. Gilmore, 77 Pa. 118; Lancaster County National Bank v. Garber, 178 Pa. 91.

" A partner may enter into contract in the ordinary business of the firm, sell or pledge goods, draw, negotiate, indorse or accept bills or other negotiable securities, and do any other acts incident or appropriate to such trade:" Hoskinson v. Eliot et al., 62 Pa. 393; Rice v. Jackson et al., 171 Pa. 89.

In Phelan v. Moss, 67 Pa. 59, it was held as stated in the syllabus: " A holder of a negotiable note, bona fide for value, without notice, can recover it, notwithstanding he took it under circumstances which ought to excite the suspicions of a pru-

dent man. In order to destroy such holder's title, it must be shown that he took the note, mala fide."

In the present case there is not a particle of evidence, and it is not contended, that the plaintiff is not a bona fide holder of the notes, without notice, and in fact the only question raised by the defendants at the trial and seriously urged at the argument, is that the notes were the individual obligations of A. M. McClain and George A. McClain, and not the notes of the copartnership, the Gardner Shingle Company, Limited.

As we have already said, we are unable to see how it can be seriously contended that the notes in question do not show on their face that they were the notes of the partnership, the Gardner Shingle Company, Limited.

In Montour Iron Co. v. Coleman, 31 Pa. 80, one of the instruments sued on was as follows:

"$3,904.00                          October 20, 1854.

"Sixty days after date, pay to the order of Messrs. Coleman and Kelton, Thirty-nine hundred and four dollars, value received, and place to the account of

"COLEMAN & KELTON."

"No. 1. To Thos. Chambers, Esq., Pres't. Montour Iron Co., Philadelphia.

"Endorsed, COLEMAN & KELTON."

Across the face of this was written:

"Accepted, payable at the Girard Bank.

"THOMAS CHAMBERS, Pres't."

The defendants objected that the instruments showed the promise of Thomas Chambers only and not of the defendants; but the court gave judgment for the plaintiff below against the Montour Iron Company, and this judgment was affirmed by the Supreme Court.

In DeRoy et al. v. Richards, 8 Pa. Superior Ct. 119, we held as stated in the syllabus: "The rule is that the name of the principal intended to be charged must appear on the paper. If it be intended to charge a maker or indorser in a representative capacity, this must be indicated with sufficient certainty, so that subsequent purchasers and indorsers may be informed of the fact."

In Carpenter v. Farnsworth, 106 Mass. 561, a check drawn on the Boston National Bank, a copy of which is as follows:

|  |  |
|---|---|
| " $19.20.<br><br>Ætna<br>Mills | " Boston National Bank.<br>" BOSTON, September 9, 1879.<br>" Pay to L. W. Chamberlain or J. E. Carpenter or order nineteen and twenty one-hundreths dollars.<br>" I. D. FARNSWORTH, Treas." |

was held to be the check of the Ætna Mills, and therefore binding upon the corporation, and not the· treasurer, Farnsworth, personally.    On this subject see Falk et al. v. Moebs, 127 U. S. 597 (8 Sup. Ct. Repr. 1319.

In Hitchcock v. Buchanan, 105 U. S. 416, a bill of exchange was drawn:

" Office of Belleville Nail Mill Company.

"$5,477.13                        BELLEVILLE, ILLS.

" December 15, 1875.

" Four months after date pay to the order of John Stevens, Jr., Cashier, Fifty-four hundred and seventy-seven and 13/100 dollars, value received, and charge same to account of Belleville Nail Mill Company.

" WILLIAM C. BUCHANAN, Pres't.

" JAMES C. WAUGH, Secr'y.

" To J. H. PIPER, Treas.,

" BELLEVILLE, ILLS."

Mr. Justice GRAY delivered the opinion of the·court:

" The bill of exchange declared on is manifestly the draft of the Belleville Nail Mill Company, and not of the individuals by whose hands it is subscribed.

" Where the name of the principal appears on the face of the instrument an indorsement by an authorized agent with the descriptive words : ' Treasurer,' ' President,' ' Agent,' etc., will be a sufficient indorsement to bind the principal:" 1 Am. & Eng. Ency. of Law (1st ed), 389.

These and other authorities, in our opinion, establish, beyond question, a plain intention on the· face of the paper to bind the Gardner Shingle Company, Limited, and not the individuals who signed as secretary and treasurer.

The learned court below seems to have attached some importance to the fact that A. M. McClain was present at the trial and that the plaintiff might have called him to establish the fact that the limited partnership got the benefit of the notes, but we think the court misapprehended the situation of the case at the time. The plaintiff had made a prima facie case and there was nothing shown to rebut it, and, in our opinion, the court ought to have directed a verdict in favor of the plaintiff.

We have given the able and concise argument of the learned counsel for the appellees careful consideration and have noted their position : " That the notes are primarily the individual notes of A. M. McClain and George A. McClain. They are not negotiable as notes of the Gardner Shingle Company, Limited. In order to hold that company or J. K. Gardner liable, the burden of proof is upon the plaintiff to show that the notes were given for a consideration or by authority, and this has not been attempted."

But we are unable to agree with this contention. In view of the fact that A. M. McClain, George A. McClain and J. K. Gardner attempted to form a limited partnership under the provisions of the Act of June 2, 1874, P. L. 271, and that they filed a statement, signed, sealed and recorded, containing the following : " The names of the officers of the association selected in conformity with the provisions of the said acts of assembly are as follows: The managers are James K. Gardner, A. M. McClain and George A. McClain. The chairman is A. M. McClain. The secretary is George A. McClain. The treasurer is A. M. McClain," we do not think it lies in the mouth of James K. Gardner to deny his liability for the payment of notes, executed and delivered by the other two managers, such paper having upon its face " Gardner Shingle Company, Limited." When the defendants failed in establishing a limited copartnership and became, under the law, general partners, we think, under the Acts of June 2, 1874, P. L. 271, May 1, 1876, P. L. 89, and of May 10, 1889, P. L. 183, James K. Gardner cannot now be heard to assert that the paper in suit is not that of the firm, and that he is not legally bound for its payment.

The assignments of error must all be sustained and in view

of the fact that the plaintiff's case was made out by written and undisputed evidence, the learned court ought to have given a binding instruction in favor of the plaintiff.    The law required this instruction from the court and a verdict in favor of the plaintiff for the full amount of its claim.

The learned counsel for the plaintiff contends that we should enter judgment in favor of the plaintiff for the amount of its claim, but the record is in no condition to do this.    When the judgment is reversed, and the verdict for defendants set aside, there is nothing on the record upon which we can enter a final judgment.    No question was reserved, and no motion was put upon the record as is provided by the Act of April 22, 1905, P. L. 286.

The judgment is reversed and a venire facias de novo awarded.