## Birmingham Iron Foundry, Appellant, v. Regnery.

*Promissory notes—Indorsement—Descriptive word added to signature—Affidavit of defense.*

In an action against an indorser of a promissory note made by a corporation, where it appears that the defendant, who was the president of the corporation, indorsed the note with his signature followed by the word "Prest.," the defendant is not concluded under the Act of May 16, 1901, sec. 20, (P. L. 194,) from denying his personal liability, and showing by parol evidence that the plaintiff acquired the note as the undertaking of the corporation making it, and had consented to, acquiesced in, and recognized the indorsement thereupon as that of the company through its president, the defendant.

Argued Dec. 7, 1906. Appeal, No. 228, Oct. T., 1906, by plaintiff, from order of C. P. Northampton Co., June T., 1906, No. 21, discharging rule for judgment for want of a sufficient affidavit of defense in case of Birmingham Iron Foundry v. James Regnery. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Assumpsit on a promissory note.

SCOTT, J., filed the following opinion:

This action is instituted by the payee against indorser, upon a promissory note of which a copy follows:

"$445.00.　　　　　　CATASAUQUA, PA., March 16, 1905.

"Three months after date we promise to pay to the order of Birmingham Iron Foundry, Four Hundred Forty-five dollars at the National Bank of Catasauqua, without defalcation, value received.

(Signed) "CATASAUQUA RUBBER COMPANY OF PENNA.

"WM. W. WILSON
"Secy. and Treas.

(Endorsed) "JAS. REGNERY Prest."

Prior to the Act relating to Negotiable Instruments, May 16, 1901, P. L. 194, this irregular indorsement by the president of the rubber company must have been taken as creating the liability of second indorser, in the absence of competent writ-

ten evidence of a different contractual relation: Eilbert v. Finkbeiner, 68 Pa. 243. By the provisions of that statute, however, he is now responsible to the payee: Sec. 64 (1). This liability is, prima facie at least, personal and individual, as no principal is designated: Sec. 20. An antecedent or pre-existing debt constitutes a valuable consideration: Sec. 25.

The only matter interposed as a defense which invites discussion, is the suggestion contained in the second paragraph of the supplemental affidavit, that the plaintiff knew James Regnery was the president of the Catasauqua Rubber Company, " and that when he endorsed his name as President on said note it was known to the plaintiff that it was a restrictive endorsement, and was not intended to bind the endorser individually."

That part of the Act of 1901 which is pertinent to the present contention provides (sec. 20, P. L. 194) that " . . . . the mere addition of words describing him as agent or as filling a representative character, without disclosing his principal does not exempt him from personal liability."

This is but a codification of the existing law: Sharpe et al. v. Bellis, 61 Pa. 69; Eaton & Gilbert's Com. Paper, p. 83. The liability is not absolute and conclusive, beyond the admissibility of parol proof otherwise respecting the intention between the immediate parties or any holder with knowledge of it: Seyfert, McManus & Co. v. Lowe, 7 W. N. C. 39; Wanner v. Emanuel's Church, 174 Pa. 466; DeRoy v. Richards, 8 Pa. Superior Ct. 119. The phraseology of the statute itself implies that. Such evidence is not open to the objection that it is within the rule of contradicting or reforming a written indorsement: Barclay v. Pursley, 110 Pa. 13. Eaton & Gilbert in their commentary upon the Negotiable Instruments Law as now codified in many states (p. 93 et seq.) discuss these propositions at length. I need not pursue the subject further.

It may be improbable that the payee would have accepted this note with knowledge that the sole indorsement was intended to be the obligation of the corporation maker, which would add to it nothing of value. But if a defendant makes affidavit to a substantial defense, it is sufficient to prevent summary judgment. Now, October 1, 1906, rule discharged.

56 BIRMINGHAM IRON F'DRY, Appellant, *v.* REGNERY.

Assignment of Error—Opinion of the Court. [33 Pa. Superior Ct.

*Error assigned* was the order of the court.

*F. W. Edgar,* for appellant.

*H. S. Cavanaugh,* with him *Edward Harvey,* for appellee.

OPINION BY RICE, P. J., February 25, 1907:

It is vigorously contended by the appellant's counsel that the legislature, in enacting the negotiable instruments law, intended to prescribe fixed rigid rules by which negotiable instruments shall be interpreted and the rights and liabilities of the parties thereto determined ; that it is more than a mere codification of existing law, and was intended to be a complete system in itself. However true this may be as to some, or even most, of its provisions, it cannot be accepted without qualification in the construction of sec. 20, which reads : " Where the instrument contains or a person adds to his signature words indicating that he signs for or on behalf of a principal, or in a representative capacity, he is not liable on the instrument if he was duly authorized, but the mere addition of words describing him as an agent, or as filling a representative character without disclosing his principal, does not exempt him from personal liability." The last clause, in terms at least, is simply declaratory of the established law; it introduces no new rule, and the rule that it does embrace is obviously not a complete statement of the law whereby the question of the personal liability of one who signs in the manner described may always be determined. The " mere " addition of certain words will not exempt from personal liability, but the statement of the law in this form, instead of in the form of an affirmative declaration that doing this or that shall create a personal liability, indicates that the legislature did not intend to establish a fixed and rigid rule to be applied without regard to other facts, and particularly the intention of the parties to the instrument. The words imply that a signing in the manner described, taken in connection with other facts, may exempt from personal liability to the payee in the instrument. As there is nothing in the context to show the conditions under which there will be such exemption, resort must necessarily be had to the authoritative

decisions in which such conditions are described. Presumably, the legislature did not intend to abrogate the law, which, under the decisions cited in the opinion of the learned judge below, was applicable to such a state of facts as is set forth in the original and supplemental answers. The material clause of the supplemental answer is quoted in his opinion, and in connection with that should be read the explicit averment of the original answer that the plaintiff took, received and acquired the note upon the credit and as the undertaking of the Catasauqua Rubber Company, and consented to, and acquiesced in, and recognized the indorsement thereupon as that of the said company through its president, the defendant. The fact that the construction contended for by the appellee's counsel would give the instrument no additional value by reason of the indorsement would properly be considered in determining as to the truth of the appellee's averments. Upon the trial of the case it would be a reason for scrutinizing the testimony with care. But whatever doubt may be created as to the defendant's allegation by this construction, it would not be sufficient to warrant us in holding that the affidavits taken together are insufficient to prevent summary judgment.

Appeal dismissed at the appellant's costs, without prejudice, etc.