## Bank of Italy v. West Indies Importing Company.

*Negotiable instruments—Liability of undisclosed principal—Act of May 16, 1901.*

Under sections 18, 19 and 20 of the Negotiable Instruments Act of May 16, 1901; P. L. 194, 198, no action can be maintained against one person upon a draft signed by another as an individual; i. e., without words indicating that he acted in a representative capacity for the defendant.

Statutory demurrer. C. P. No. 3, Phila. Co., Dec. T., 1922, No. 8863.

*Henry, Pepper, Bodine & Stokes*, for plaintiff.

*James McMullan*, for defendant.

FERGUSON, J., April 3, 1923.—This is an action of *assumpsit* against the defendant corporation upon a draft made by Bartolomeo Pio on Brown Brothers & Company to the order of Henderson-Longton Company, and endorsed by them to the plaintiff. An affidavit of defence raising a question of law has been filed, in which the point is taken that the defendant in this action is not a party to the instrument on which suit is brought, and, therefore, is not chargeable thereon.

Section 18 of the Negotiable Instruments Act of May 16, 1901, P. L. 194, 198, provides that "no person is liable on the instrument whose signature does not appear thereon, except as herein otherwise expressly provided." Section 19

2 D. & C.

provides that "the signature of any party may be made by a duly authorized agent." Section 20 provides that "where the instrument contains, or a person adds to his signature, words indicating that he signs for or on behalf of a principal or in a representative capacity, he is not liable on the instrument if he was duly authorized; but the mere addition of words describing him as an agent or as filling a representative capacity, without disclosing his principal, does not exempt him from personal liability."

It is plain that to hold the defendant in this action would be to ignore the express language of the statute. There is nothing on this instrument to indicate that Bartolomeo Pio signed as agent or in a representative capacity, and the signature of the defendant corporation does not appear.

The only recent case to which our attention has been called is Birmingham Iron Foundry v. Regnery, 33 Pa. Superior Ct. 54. In that case a corporation executed a note to another corporation, and by an irregular endorsement the president of the maker corporation endorsed the note with the word "President" after his name. It was held, in a suit against him individually, that he ought to be allowed to prove that the holder knew that he was the president of the maker corporation, and that when he endorsed his name as president it was known to the plaintiff that it was a restrictive endorsement and was not intended to bind him individually.

We do not think this decision is authority for the question before this court. The instrument in the case at bar was signed by an individual without any words indicating that he acted in a representative capacity. Whether or not he could be held personally responsible is not an issue in the case.

Judgment must be entered for the defendant on the question of law raised by the affidavit.