## McKaraher *v.* Dowling, et ux, Appellants.

*Brokers—Commissions—Real estate—Affidavit of defense—Sufficiency.*

In an action of assumpsit to recover commissions on the sale of real estate, an affidavit of defense is sufficient which denies the agency or employment of the plaintiff and the performance of the alleged services by him for defendants, and also sets up a substantial prima facie defense.

An affidavit of defense should set forth fully and fairly, facts sufficient to show prima facie, a good defense, and if it fails to do so, either from omission of essential facts, or manifest evasiveness in the mode of statement, it will be insufficient to prevent judgment.

But if not deficient in either of these respects, and on its face fairly setting forth a prima facie defense, it is not to be subjected to close technical examination as if it was a special plea demurred to.

Argued October 28, 1926. Appeal No. 259, October T., 1926, by defendants from judgment of Municipal Court of Philadelphia County, March T., 1926, No. 794, in the case of William B. McKaraher v. Leo F. Dowling and Kathryn Dowling, his wife. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN and CUNNINGHAM, JJ. Reversed.

Assumpsit for commissions on the sale of real estate. Before KNOWLES, J.

Rule for judgment for want of a sufficient affidavit of defense.

The Court made absolute the rule. Defendant appealed.

*Error assigned* was the decree of the Court.

*D. J. Callaghan,* for appellant.

*George F. Lowenthal,* of *Horton and Lowenthal,* for appellee.

OPINION BY KELLER, J., March 3, 1927:

"An affidavit of defense should set forth fully and fairly, facts sufficient to show prima facie, a good defense, and if it fails to do so, either from omission of essential facts, or manifest evasiveness in the mode of statement, it will be insufficient to prevent judgment. But if not deficient in either of these respects, and on its face fairly setting forth a prima facie defense, it is not to be subjected to close technical examination as if it was a special plea demurred to." These words of Mr. Justice MITCHELL, in Andrews v. Blue Ridge Packing Co., 206 Pa. 370, 372, though written when

the Act of May 25, 1887, P. L. 271, was in force, are applicable to the Practice Act of 1915, P. L. 483. It is still the rule that a reasonable intendment is to be made in favor of affidavits of defense: Twitchell v. McMurtrie, 77 Pa. 383, 388; and an affidavit of defense is sufficient if it sets forth facts showing a substantial prima facie defense: Leibersperger v. Reading Savings Bank, 30 Pa. 531; Thompson v. Clark 56 Pa. 33.

The present action was a suit to recover commissions alleged to be due plaintiff, a licensed real estate broker, for obtaining a purchaser for defendants' real estate, under an oral agreement to pay him three per cent of the purchase money.

The affidavit of defense denied that on the date mentioned or at any other time defendants "orally employed and requested plaintiff to obtain a purchaser for said premises No. 114 West Sharpnack Street, and promised to pay him a commission of three per cent on the price, or $9500, to which plaintiff assented"; using in such denial the exact language of the third paragraph of plaintiff's statement. This form of denial is not to be encouraged as it may be only an evasive denial of the *terms* averred: Parry v. First Nat. Bank, 270 Pa. 556, 561; Fulton Farmers Assn. v. Bomberger, 262 Pa. 43, 46. But the affidavit of defense in this case did not rest there. In the next and subsequent paragraphs it averred that defendants made an oral agreement with one Albert E. Idell, who said he represented a prospective purchaser, Frank W. Whitmore, [the plaintiff's alleged purchaser], and agreed to pay him, Idell, a commission of three per cent on the selling price when settlement would be made; that Idell was the only real estate man with whom defendants dealt. It denied that plaintiff obtained the purchaser for said property (Whitmore), and averred that he was secured by said Idell; and that subsequently, when the time for settlement arrived Idell informed

defendants that he had failed to finance the deal and would charge no commission because of his failure to complete the settlement and returned the deed which defendants had handed him for the purpose of making the conveyance. There were other averments in the affidavit which it is not necessary to refer to in detail. We are of opinion that it sufficiently denied the agency or employment of the plaintiff and the performance of the alleged services by him for defendants, and set up a substantial prima facie defense. It is always sufficient to set up a clear denial of agency: Hunter v. Reilly, 36 Pa 509; Montour Iron Co. v. Coleman, 31 Pa. 80. The first assignment of error is sustained.

As to the reply to defendants' counterclaim, raising a question of law, it is sufficient to say that in the present state of the record, the counterclaim is not effective. A claim against Idell cannot be set up as a defense to the plaintiff's claim. Without amending his statement of claim plaintiff cannot offer proof that Idell was acting as his agent; if and when he does so, the counterclaim of defendants would be properly available against the plaintiff, and opportunity should then be given defendants of filing the counterclaim and offering evidence to support it.

Judgment for want of a sufficient affidavit of defense reversed with a procedendo.