## Hershey Estates v. Rettew et al.

*Barnes, Biddle & Myers*, for plaintiff; *G. Coe Farrier*, for defendants.

GABLE, J., July 11, 1933.—Plaintiff brought this suit to recover the sum of $650, the amount of a check issued, and delivered to it and signed "Stationary Laundry Machine Co. Harvey Moore, Treas." Plaintiff joined the defendants in the action in an averment in the statement of claim that "the above named defendants were at all times . . . trading under the name of Stationary Laundry Machine Company" and "that the defendants . . . for value received, made their check in the sum of $650 . . ."

The affidavit of defense expressly denies that the defendants were trading as Stationary Laundry Machine Company and asserts that the said company is a "common-law trust," doing business under and in pursuance of a trust instrument recorded in the office for the recording of deeds in and for the City and County of Philadelphia, on December 3, 1927, in miscellaneous book, number 32, at page 485. They therefore deny any personal liability upon the check in suit.

The terms of the trust instrument, incorporated in the affidavit of defense by reference to its place of recording, provide, inter alia:

"9. It is hereby expressly declared that a trust and not a partnership is hereby created and neither the trustees nor the shareholders present or future shall ever be personally liable hereunder as partners, and in every written contract, instrument, or transaction creating liability, reference shall be made to this Deed of Trust. . . . .

"11. Documents involving financial responsibility on the part of the Company shall have inscribed thereon 'A Trust' or its equivalent."

Plaintiff's rule for judgment for want of a sufficient affidavit of defense raises a number of interesting and intricate questions. Plaintiff argues that there does

not exist in Pennsylvania a cognizable legal entity corresponding to the familiar Massachusetts or business trust, and that under the foregoing provisions of the trust instrument defendants are liable, inasmuch as the check in suit did not bear specific reference to the trust.

On the other hand, the defendants contend that the plaintiff corporation, trading under the fictitious name of "Hershey Lumber Company" and not having registered under the Fictitious Names Act, may not sue upon the check in question, and that the deed of trust, properly recorded, is notice to all parties who contract with the company that no personal liability is imposed upon the trustees.

A corporation does not have the right to register under an assumed or a fictitious name: Opinion by Schnader, Attorney General, Fictitious Names of Corporations or of Individuals in Corporate Form, 13 D. & C. 524.

A corporation may, however, in the absence of statutory provision to the contrary, assume another name by which to contract or to do business so that it may be known by two different names and may sue and be sued in either: McCarthy Bros. & Wilson, Inc., v. Schmitt, 6 D. & C. 147.

The check sued upon discloses not merely the principal, but the official capacity in which it was signed by "Harvey Moore, Treas." In such case the person signing the instrument is not liable thereon, if he was duly authorized: Negotiable Instruments Law of May 16, 1901, P. L. 194, sec. 20.

So in an action against an endorser of a promissory note made by a corporation, where it appears that the defendant, who was the president of the corporation, endorsed the note with his signature followed by the word "Prest.", he was held not concluded, under the above section, from denying his personal liability and showing by parol evidence that the plaintiff acquired the note as the undertaking of the corporation making it, and had consented to, acquiesced in, and recognized the endorsement thereupon as that of the company through its president, the defendant: Birmingham Iron Foundry v. Regnery, 33 Pa. Superior Ct. 54. And where a promissory note disclosed on its face the name of a limited partnership association and the note was signed by two individuals, one as secretary and the other as treasurer, the note was deemed an obligation of the association, and not of the individuals who signed it: Chatham National Bank v. Gardner, 31 Pa. Superior Ct. 135.

Plaintiff's pleading, however, does not seek to charge merely Harvey Moore, the so-called treasurer of the Stationary Laundry Machine Co., but likewise attempts to charge two of his alleged associates, on the theory that they were trading under the name of "Stationary Laundry Machine Co." There is no definite and distinct allegation that the three defendants were copartners; neither is there any statement of the existence of any other relationship from which it might be inferred that Harvey Moore as "treasurer" had authority to make or deliver, in the course of the business in which the three defendants were jointly interested, any negotiable instrument.

The chief defense, as set forth in defendants' pleading, is that "Stationary Laundry Machine Co." is a business trust, and that the liability of the three defendants is limited and circumscribed by the trust recorded.

No court in Pennsylvania has ever directly passed upon the validity or legal incidents of this type of business organization, although this type of organization has been incidentally discussed in the following causes: Pittsburg Wagon Works' Estate, 204 Pa. 432, and National Shawmut Bank, of Boston, Trustee, v. Hartford Accident and Indemnity Co., 12 D. & C. 119.

Are such organizations, with a limited liability, recognized in this State? It is true that our statutes provide for limited liability in cases of limited partner-

ships. We do not find, however, any statutory provision that indicates any intention to limit the types of business organization which enjoy the privilege of immunizing the associates in the enterprise from personal liability. Defendants argue that there is no restriction in the law of Pennsylvania against the formation of business trusts, and that the clause prescribing a limitation upon individual liability included in the instrument creating the defendants' association is valid.

Business trusts have come to be used extensively in various parts of the country for all kinds of commercial and business enterprises. They have received considerable attention in textbooks, annotations, and legal periodicals. Various designations have been applied in the decisions to business organizations of the character here involved. This type of organization is commonly known as a "Massachusetts trust." It is a form of business organization, common in the State of Massachusetts, consisting essentially in an arrangement whereby property is conveyed to trustees, in accordance with the terms of an instrument of trust, to be held and managed for the benefit of such persons as may from time to time be the holders of transferable certificates issued by the trustees, showing the shares into which the beneficial interest in the property is divided. These certificates, which resemble certificates for shares of stock in a corporation and are issued and transferred in like manner, entitle the holders to share ratably in the income of the property, and upon termination of the enterprise, in the proceeds: Betts et al. v. Hackathorn, 159 Ark. 621, 31 A. L. R. 847.

Under the Massachusetts decisions, these trust instruments are held to create either "pure trusts" or partnerships, according to the manner in which the trustees are to conduct the affairs committed to their charge. If they are the principals and are free from the control of the certificate holders in the management of the property, a trust is created, but if the certificate holders are associated together in the control of the property as principals, and the trustees are merely managing agents, a partnership relation between the certificate holders is created: Hecht et al., Trustees, v. Malley, 265 U. S. 144.

These trusts, whether "pure trusts" or partnerships, are unincorporated. They are not organized under any statute, and they derive no power, benefit or privilege from any statute. Some States have seen fit to regulate this form of business enterprise by statute. It seems, in the absence of prohibitory or controlling statute, that business trusts, of the character known as Massachusetts trusts, are legal and valid.

Business trusts have been referred to by some of the authorities as partnerships, where the shareholders retained control over the trustees or have had some authority as to the conduct of the business. In some jurisdictions, where the beneficiaries retain no control over the trustee and are not in fact associated in the actual carrying on of the business, but are limited in interest to having the trust administered in their interest, it has been held that it should be regarded as a "strict" or "pure trust."

There is an early decision in Pennsylvania, which recognized the right to forestall individual liability by contract. Notes were issued by an unincorporated banking association, containing a stipulation that they were payable "out of their joint funds, according to their articles of association." Gibson, J., in Hess et al. vs. Werts, 4 S. & R. 356, 361, said: "I see no reason to doubt, but they may limit their responsibility, by an explicit stipulation, *made with the party* with whom they contract, and clearly understood by him at the time. . . . Unless it appear unequivocally plain, from the terms of the contract, I will

never suppose it to have been in the view of the parties." See also Witmer et al. v. Schlatter et al., 2 Rawle 359, and Beaver's Admin'r v. McGrath et al., 50 Pa. 479.

The law is clear that in the absence of an express or implied contract with creditors to the contrary, the trustees are personally liable on all contracts with third persons. This wide personal liability of the trustees may be eliminated by provisions to that effect in the declaration of trust, if known and agreed to by all parties affected.

Unfortunately, the plaintiff's pleading is not in such shape as would warrant a summary consideration or determination of the numerous questions here involved. It has not indicated in its pleading its election to sue either upon the instrument or upon the alleged consideration which motivated the execution and delivery of the check in question. There is no distinct allegation in the statement of claim from which we could properly determine that there was any connection whatever between the issuance of the check and the business for which the association between the defendants existed. It is not stated that the note was issued in the course of defendant's business or that the signing of the check by the "treasurer" was authorized as the act of the three defendants jointly interested in the consideration for which the check was given. In other words, there is no clear averment from which we can properly raise an implied liability on the part of all the defendants out of the mere issuance by one of them of the instrument in suit, inasmuch as the allegations are lacking which might disclose that the signing defendant had authority to bind personally either of the other two defendants.

The defendants' pleading is likewise inadequate clearly to raise and have properly adjudicated the underlying important question here involved. While it is true that the record of a court of a county in which a suit is brought, or the record of a deed, mortgage, or other instrument recorded in such county, need not be copied into the pleading: Amram, Pennsylvania Practice Act of 1915 (3d ed.), 75; we know of no statute which authorizes the recording of a "common-law trust deed," and therefore a copy of the instrument upon which the defendants rely for their defense should have been attached to their pleading, so that the court could determine the legal incidents of the type of business organized and created pursuant to the declaration or deed of trust.

It seems to us that, in the absence of all the necessary facts and data, we should not be called upon at this time to definitely adjudicate the legal status of a business trust in Pennsylvania. For interesting and exhaustive annotations and treatises covering the various phases of so-called Massachusetts or business trusts, see 7 A. L. R. 612; 10 A. L. R. 887; 31 A. L. R. 851.

To justify the entry of judgment for want of a sufficient affidavit of defense, the statement of claim must aver a complete cause of action and all facts essential to the taking and liquidating of the judgment: Duluth Superior Milling Co. v. Binenstock, 106 Pa. Superior Ct. 322, 328; Parry v. First Nat. Bank of Lansford, 270 Pa. 556.

A proper, just, and equitable determination of this case, which involves the application of numerous legal principles, can be made only when all the facts are fully developed in the pleadings or passed upon by a trial tribunal: Johnson to use, v. Huhn et al., 284 Pa. 144; Snyder v. Baer, 282 Pa. 291; Vierling v. Baxter et al., 293 Pa. 52; 49 C. J. 680, sec. 961.

In order to secure complete justice in the premises, it seems proper that the plaintiff and the defendants, if they be so advised, should be permitted to file amended pleadings and thus properly develop and present to the court, in accordance with the tenor of this opinion, the issue involved.

In disposing of this rule we do not wish to be understood as determining the merits of the issue raised.

Rule discharged, without prejudice.