## Mead & Speer Company *v.* Krimm, Appellant.

*Contract—Offer—Acceptance—Conditional acceptance.*

1. To constitute a contract the acceptance of the offer must be absolute and identical with the terms of the offer. If one offers another to do a definite thing and that other person accepts conditionally, or introduces a new term into the acceptance, his answer is either a mere expression of willingness to treat, or it is in effect a counter proposal.

*Contract—Oral and written contract—Question for jury.*

2. Where a contract is partly written and partly parole and there is a dispute about its terms, it is for the jury to determine what the contract is.

*Contract—Continuing contract—"Ordering out."*

3. Where a contract for the sale of lumber provides for delivery from time to time on the purchaser's orders the seller is not required to tender delivery until the lumber has been "ordered out" by the purchaser.

Argued March 2, 1910. Appeal, No. 15, March T., 1910, by defendants, from judgment of C. P. Lycoming Co., March T., 1909, No. 153, on verdict for plaintiff in case of Mead & Speer Company v. Charles R. Krimm et al., trading under the firm name of Williamsport Planing Mill Company. Before RICE, P. J., HENDERSON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Assumpsit on a contract of sale. Before HART, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $551.05. Defendants appealed.

*Error assigned* was in not entering judgment for defendants non obstante veredicto.

*William Russell Deemer,* for appellants.—If there was no conflict of testimony in this case, it was the duty of

the court to declare the legal effect of the contract made
by that testimony: Wannamaker v. Burke, 111 Pa. 423;
Bube v. Weatherly Boro., 25 Pa. Superior Ct. 88; Mc-
Fall v. Ice Co., 123 Pa. 259; Seligman v. Beecher, 36
Pa. Superior Ct. 475.

A party who dispenses with or prevents the perform-
ance of a contract, written or verbal, cannot take ad-
vantage of the nonperformance by the other: Grove v.
Donaldson, 15 Pa. 128; Jones v. Sowers, 204 Pa. 329;
Huntingdon, etc., R. R. Co. v. McGovern, 29 Pa. 78;
White v. Braddock Boro. School Dist., 159 Pa. 201.

This is ruled by Kelley Brick Co. v. Clay Product
Supply Co., 32 Pa. Superior Ct. 408.

Where a contract is entire, before any recovery can be
had of the consideration money, the plaintiff must prove
that he has performed, or is ready to perform, his part
of the contract, or that the performance was prevented
by the defendants: Norris v. Clark, 29 Pa. Superior Ct.
562; Martin v. Schoenberger, 8 W. & S. 367; Pallman v.
Smith, 135 Pa. 188; Hartman v. Meighan, 171 Pa. 46.

*T. M. B. Hicks*, with him *W. M. Elliot*, for appellee.

OPINION BY RICE, P. J., July 20, 1910:

This action of assumpsit was brought upon a book account
to recover the price of lumber sold and delivered. One of the
defenses was that it was delivered under an entire contract
which the plaintiff had not substantially performed. The
question raised by the single assignment of error is, whether
under all of the evidence the court should have given binding
direction in favor of the defendants.

The defendants delivered simultaneously to the plaintiff two
orders numbered respectively 670 and 671 and dated Octo-
ber 27, 1904, the first for 1,000 feet of 4/4 red oak, the second
for 1,000 feet of 4/4 white oak, two cars of 5/4 and one car of
6/4 white oak, and three cars of 5/4 red oak, to be shipped
within three months on the defendants' orders. The orders
specified that all the lumber should be band-sawed and

trimmed, and designated Gillespie, West Virginia, as the shipping point. In a letter acknowledging the receipt of these orders the plaintiff said: "In reference to order No. 671 beg to say we are not positive that we can furnish the two cars of 5/4 plain white oak and the one car of 6/4, and in regard to the 5/4 1s & 2s red oak, beg to say that we have quite a lot of this 5/4 on sticks, and it may be possible that we can furnish this amount, however, we can only agree to furnish the amount which we have in stock. We note also you say that this stock must be band-sawed and trimmed, in regard to this beg to say we cannot accept the order in this way from the fact that we have no band-sawed oak; the stock which we have been shipping you is not band-sawed oak, and we have no band mills at Gillespie, West Virginia, and another thing the stock will not all be shipped from Gillespie. Please change your orders to read in accordance with the above and we will take pleasure in entering the same. . . ." In reply, the defendants wrote on November 2, 1904, as follows: "We herewith return our orders Nos. 670 and 671. You will note we have stricken out the shipping point and the band-sawed and trimmed, but we don't quite understand your letter in reference to the 5/4 and 6/4 oak. If there is any part of the 5/4 and 6/4 R. or W. oak you can't accept, let us know and we will cancel such part of it as you may suggest." It will be seen from a careful reading of the foregoing that the plaintiff did not unqualifiedly accept the two orders, and that the defendants did not unqualifiedly accept the plaintiff's modified proposition. To constitute a contract the acceptance of the offer must be absolute and identical with the terms of the offer. If one offers another to do a definite thing, and that other person accepts conditionally, or introduces a new term into the acceptance, his answer is either a mere expression of willingness to treat or it is in effect a counter proposal. Applying this elementary principle, there was no contract up to this time binding the plaintiff to deliver and the defendants to accept and pay for the entire quantity of lumber specified in the two orders. As shown by the letter last quoted, the defendants professed to be in doubt as to the meaning of part of the plain-

tiff's counter proposition and invited explanation and a more definite statement of what the plaintiff desired to have stricken out of order 671. It is true that while the exact terms of the proposed contract were left in this uncertain and indefinite condition the defendants gave and the plaintiff accepted orders to ship specified quantities of lumber from order 671; but the voluminous correspondence fails to show a meeting of minds upon the full terms of the entire contract proposed. On the contrary, it shows a substantial dispute between them from the time the defendants first asserted that the orginial order 671 for 5/4 and 6/4 stuff had been accepted. If there were nothing further than the correspondence up to the plaintiff's letter of December 6, 1904, to show what the contract was, the court could not have declared as matter of law that the plaintiff took an untenable position in saying, "We beg to say that we did not accept your order for any 5/4 and 6/4 oak and we do not propose to furnish any, neither do we propose to ship any more stock until this matter is straightened out." But it appears that on November 5, 1904, the defendants wrote the plaintiff as follows: "Please ship from our order 671 1 car 4/4 P. white oak Com., and better load one-half each grade, and be particular not to get more than half com. in this shipment and select good dry stock. Ship to us via P. R. R. to Montandon, Pa., and send us bill of lading. Please ship quick and let us know when we may expect same." This was followed by a letter from the plaintiff to defendants as follows: "We are in receipt of your favor of the 5th, in reply beg to say we have written our Mr. Aldrich asking him to call to see you in reference to this matter." The defendants adduced oral testimony to the effect that in the latter part of November (pursuant to plaintiff's last letter, as they claim) Mr. Aldrich appeared at the office of the defendant and, after talking over the matter of the 5/4 and 6/4 oak with the defendants, said he would go out and call up by telephone the plaintiff and give defendants a definite answer as to whether or not the plaintiff would furnish the 5/4 and 6/4 oak mentioned in order 671, and that he later returned and said that he had talked with the plaintiff over the long distance

telephone and that the plaintiff would fill the order as originally written, including the 5/4 and 6/4 stock. The evidence adduced by the plaintiff in rebuttal was in denial of the fact of any such telephonic communication and also of the authority of Aldrich to act for the plaintiff in that matter. It is argued by appellants' counsel that Aldrich's authority is inferable from all of the circumstances in the case, and at least that the uncontradicted testimony showed that he was acting within the apparent scope of his authority and therefore the plaintiff was bound by his action whether the testimony as to his telephonic communication with the plaintiff was true or not. We think the court was right in submitting the question of his authority to act for the plaintiff to the jury. But even if that question were free from doubt under the evidence, there would still be the question, depending for its determination wholly upon oral testimony, whether Aldrich in fact accepted the order on the plaintiff's behalf, and in no view of the case could this question be taken from the jury. According to defendants' own contention the contract was partly oral and partly in writing, the terms of which were in dispute, and the evidence was of such nature as to clearly under the authorities draw the whole to the jury as an oral contract. What the parties said and what they meant by what they said, was for the jury to answer: Phila. v. Stewart, 201 Pa. 526.

But it is argued that, whatever doubt there may have been as to the contract for the lumber specified in order 671, there was none as to the 4/4 lumber specified in order 670. Assuming this to be true, does it follow that the plaintiff was bound to show delivery or tender of delivery of all the lumber specified in that order in order to recover for such as was actually delivered? It is argued that the plaintiff was bound so to do because it was an entire contract and, being so, the plaintiff could not recover except upon proof of substantial performance or tender of performance of it as a whole. It is to be observed, however, that the plaintiff was not bound by the terms of the order to deliver the lumber until it was "ordered out." This being so the defendants were to become the actors in the transaction. Therefore, it was prima facie not necessary

for the plaintiff, in order to save itself from default, to tender delivery of that lumber unless orders were given within three months: Seligman v. Beecher, 36 Pa. Superior Ct. 475. The appellants' counsel recognizes this principle, but argues that his clients were not compelled to give orders within three months because of the plaintiff's declaration in its letter of December 6 that it did not propose to ship any more stock until this matter, that is, the dispute as to the 5/4 and 6/4 oak, was straightened out. Counsel interpret this letter as applying as well to the 4/4 lumber; but it is doubtful if this is the proper interpretation, for, in the course of that letter, the plaintiff said: "We wish to advise you that we will furnish the balance of the order for 4/4 on the basis of the same stock as the first shipment, as stated in yours of Oct. 28th." It is not clear, therefore, that the defendants were excused by anything that was stated in the letter of December 6 from "ordering out" the lumber within three months as specified in their original proposition. There is, moreover, some evidence in the correspondence tending to show the plaintiff's readiness to ship all of the 4/4 stock which was "ordered out" within the three months on payment of overdue bills for prior shipments. We have not undertaken even to summarize all of the evidence pertinent to this complicated controversy. It is sufficient to say that our judgment, upon a review of the whole evidence, is that there were questions of fact entering into the case which could not properly be withdrawn from the consideration of the jury by a binding direction in favor of the defendants. The refusal to give such direction might well be based on the narrow ground that the plaintiff was at least entitled to recover for the 5/4 and 6/4 oak actually delivered and not paid for, unless the jury found that order 671 was unqualifiedly accepted, or that the damages arising out of the failure to deliver all of the 4/4 lumber specified in order 670 exceeded the amount due for the 5/4 and 6/4 lumber actually delivered.

The judgment is affirmed.