SENECA DISTRIBUTING COMPANY, Respondent, *v.* KATHLEEN FULTON, Appellant.

Appeal — when reversal by Appellate Division " upon the facts " must be presumed to have been made upon the law.

Where the Appellate Division reversed a judgment entered upon findings made at Trial Term " upon the facts " without further specification, it must be conclusively presumed that the reversal was made upon the law in accordance with section 1338 of the Code of Civil Procedure.

*Seneca Distributing Co.* v. *Fulton,* 175 App. Div. 902, affirmed.

(Submitted June 4, 1919; decided July 15, 1919.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered January 19, 1917, reversing a judgment in favor of defendant entered upon a dismissal of the complaint by the court on trial at Special Term and granting a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Joseph J. Reiher, Frank V. Smith* and *Peter P. Smith* for appellant. There is no statement in the body of the order appealed from complying with section 1338 of the Code of Civil Procedure. It is a conclusive presumption, therefore, that the reversal of the Appellate Division was on a question of law. (*Levy* v. *Louvre Realty Co.*, 222 N. Y. 14; *Moore* v. *V. P. Cement Co.*, 220 N. Y. 320.)

*Charles Goldzier* and *Benjamin A. Hartstein* for respondent. Conceding that the order of reversal is not upon the facts within the purview section 1388 of the Code of Civil Procedure, this court would still have jurisdiction to review the judgment for the purpose of ascertaining whether the findings are supported by the evidence. (Code Civ. Pro. § 1337; *Perez* v. *Sandrowitz*, 180 N. Y. 397; *Otten* v. *Manhattan Realty Co.*, 150 N. Y. 395.) The eighth finding of fact which found Robert Fulton to be the plaintiff's agent, and the subsequent findings made upon that assumption are contrary to the undisputed evidence in the case. (*Powers* v. *Clarke*, 127 N. Y. 417; *Page* v. *Krekey*, 137 N. Y. 307; *W. N. Y. L. I. Co.* v. *Clinton*, 66 N. Y. 326; *Kelly* v. *Chrystal*, 16 Hun, 242; 81 N. Y. 619; *Dunfrey* v. *Dunfrey*, 14 App. Div. 108.)

CUDDEBACK, J. This case was tried before the court without a jury and the court made findings of fact and conclusions of law upon which judgment for the defendant was entered.

4

The Appellate Division reversed the judgment and granted a new trial. The reversal was "upon the facts" without further specification in the judgment.

In its opinion the Appellate Division referred to certain findings of the Special Term as being against the evidence.

This is not in compliance with section 1338 of the Code of Civil Procedure, which says with regard to reversals at the Appellate Division: "it must be conclusively presumed that the judgment was not reversed, or the new trial granted, upon a question of fact, unless the particular question or questions of fact upon which the reversal was made or the new trial was granted are specified and referred to by number or other adequate designation in the body of the judgment or order appealed from."

The statements of fact referred to in the opinion of the Appellate Division are scattered through the findings of the Special Term and not designated as the Code requires. We have said that we are not inclined to extend our rulings farther than we have already gone in holding that the findings of the Trial Term may be reversed by implication at the Appellate Division. (*Beatty* v. *Guggenheim Exploration Co.*, 223 N. Y. 294.)

Therefore, we must conclusively presume that the reversal in this case was made upon the law, which involves the question whether there was any evidence to support the findings of the trial court.

The action was brought to foreclose a mortgage or lien upon land. Robert Fulton, the husband of the defendant, was a salesman employed by the plaintiff. He was short in his accounts and undertook to secure the plaintiff against loss by a mortgage from his wife upon the land in question, which was her property.

By misrepresentation he obtained from his wife the instrument sued on, which was delivered to the plaintiff, and the husband's time to make good his defalcation was extended. It was solely through the husband that the fraud upon the defendant was perpetrated.

The trial court found that in making the misrepresentation to the wife and perpetrating this fraud upon her, Fulton, the husband, acted as the plaintiff's agent. That was the vital point in the defense.

A careful reading of the record fails altogether to show any evidence to support the finding that Fulton was the plaintiff's agent. The conclusion, therefore, is the same as that reached at the Appellate Division. It would not be necessary for the court to say anything in affirming the judgment except for the error in practice appearing in the judgment appealed from.

I recommend that the order appealed from be affirmed and that judgment absolute be granted against the defendant upon her stipulation, with costs in all courts.

HISCOCK, Ch. J., COLLIN, CARDOZO, POUND, McLAUGHLIN and ANDREWS, JJ., concur.

Judgment accordingly.