PARTOLA MANUFACTURING COMPANY, Respondent, *v.* GENERAL CHEMICAL COMPANY, Appellant.

Appeal — failure by Appellate Division to reverse specifically any finding of fact or make new finding of fact leaves reversal upon the law — questions for review on appeal to Court of Appeals — contract of sale — action for breach — when delay by purchaser in giving shipping instructions so unreasonable as to constitute breach of contract — when seller not bound to tender delivery — notice of election to terminate contract.

1. Where an order of the Appellate Division did not reverse specifically any findings of fact made by the trial justice, or contain any new findings of fact, the reversal must be considered as having been

made upon the law, and the only questions presented upon appeal to the Court of Appeals are, *first,* do the findings of fact sustain the conclusions of law; *second,* does the record disclose any evidence to sustain the findings of fact.

2. Where, in an action to recover damages for an alleged breach of contract it appears that by the terms of the contract between the parties, goods contracted to be sold by defendant and purchased by plaintiff were to be delivered at " an approximately uniform rate over the month of October, 1917;" that on October ninth defendant evidenced its readiness to deliver goods to plaintiff by written request made to the latter to furnish shipping instructions as to when and where to ship the goods, but that plaintiff failed to give shipping instructions and remained silent until November tenth when it sought to order delivery of the goods, a finding by the trial justice that the delay was unreasonable and that plaintiff had breached the contract was justified.

3. Where under the terms of the contract the goods were to be delivered in carload lots, f. o. b. New York, defendant was under no obligation to tender delivery until plaintiff made demand upon it for the merchandise, specifying the time, place and manner of delivery, and where the plaintiff unreasonably delayed in giving shipping instructions defendant was at liberty to terminate the contract.

4. Even upon the assumption that defendant was bound to give notice of its election to terminate the contract within a reasonable time it cannot be said as matter of law that defendant postponed unduly the giving of such notice by waiting until November tenth before announcing its election.

*Partola Mfg. Co.* v. *General Chemical Co.*, 197 App. Div. 697, reversed.

(Argued October 24, 1922; decided December 5, 1922.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered July 25, 1921, reversing a judgment in favor of defendant entered upon a decision of the court at a Trial Term without a jury and granting a new trial.

*Arthur W. Mattson* for appellant. The findings of the trial court, supported as they are by the evidence, are controlling upon the Court of Appeals. (*Saltzsieder* v. *Saltzsieder,* 219 N. Y. 523; 220 N. Y. 665; *Waddle* v. *Cabana,* 220 N. Y. 18; *Seneca Distributing Co.* v. *Fulton,*

227 N. Y. 148; *Hearst* v. *N. Y. Central R. R. Co.*, 215 N. Y. 268; *Untermyer* v. *City of Yonkers*, 188 N. Y. 595; *Moore* v. *Vulcanite P. C. Co.*, 220 N. Y. 320; *Cannon* v. *Fargo*, 222 N. Y. 321; *Murray* v. *Smith*, 224 N. Y. 40; *N. Y. Dock Co.* v. *Flinn-O'Rourke Co.*, 234 N. Y. 126; *Hartley* v. *Eagle Ins. Co.*, 222 N. Y. 178; *Bonnette* v. *Molloy*, 209 N. Y. 167; *Levy* v. *Louvre Realty Co.*, 222 N. Y. 14; *Greentaner* v. *Conn. Fire Ins. Co.*, 228 N. Y. 388.) Respondent was required to commence taking deliveries within a reasonable time after October 9, 1917. (*Liondale Merc. Co., Inc.,* v. *Gerber*, 197 App. Div. 345; *Mersereau* v. *Hirsch Co.*, 136 App. Div. 271; 204 N. Y. 564; *Gross* v. *Ajello*, 132 App. Div. 25; *Balt. & L. R. R.* v. *Steel Rail Supply Co.*, 123 Fed. Rep. 655; *Boiko & Co.* v. *Atlantic Woolen Mills*, 195 App. Div. 207; *Canada* v. *Wick*, 100 N. Y. 127, 131; *Thedford* v. *Herbert*, 135 App. Div. 174; *Abel* v. *Ward*, 179 Fed. Rep. 925; *Alpena Portland Cement Co.* v. *Backus*, 156 Fed. Rep. 944; *Matter of Millbourne Mills Co.*, 165 Fed. Rep. 109; Williston on Sales, 775.)

*Sidney A. Clarkson* for respondent. The Appellate Division having reversed the judgment of the trial court upon the facts and the law, and granted a new trial, this court should not review the determination of the Appellate Division. (*Hirsch* v. *Jones*, 191 N. Y. 195; *Knickerbocker Trust Co.* v. *O'Rourke Eng. & C. Co.*, 124 App. Div. 210; 196 N. Y. 509; *Rubber Trading Co.* v. *Manhattan, etc., Co.*, 221 N. Y. 120; *Hayden* v. *Demets*, 53 N. Y. 427; *Potash* v. *C.-A. Bay Co.*, 197 App. Div. 763; *Horst* v. *Montauk Brewing Co.*, 118 App. Div. 300; *Turner-Locker Co.* v. *Aprile*, 195 App. Div. 706.) Defendant had no right to attempt to cancel the whole contract because plaintiff had not given shipping instructions during October. (*Walls* v. *Bailey*, 49 N. Y. 464.)

Hogan, J. This action was brought to recover damages for an alleged breach of contract. The trial justice before

whom the case was tried made findings of fact and conclusions of law wherein he awarded to the defendant judgment on the plaintiff's cause of action, and to the plaintiff judgment against the defendant on the counterclaim set up in defendant's answer. Upon appeal, the Appellate Division, as appears by the order of reversal, unanimously decided that the findings of fact in favor of the defendant on the plaintiff's cause of action were not supported by evidence; that the counterclaim of the defendant was properly dismissed; that no appeal was taken by the defendant therefrom, and thereupon it ordered that the judgment appealed from so far as the same dismisses the complaint with costs be reversed upon the law and the facts and a new trial granted.

The order of the Appellate Division did not reverse specifically any findings of fact made by the trial justice, or contain any new findings of fact, therefore the reversal by the Appellate Division having been made upon the law, the only questions presented upon this appeal are, *first,* do the findings of fact sustain the conclusions of law; *second,* does the record disclose any evidence to sustain the findings of fact. (*Saltzsieder* v. *Saltzsieder,* 219 N. Y. 523, 529; *Seneca Distributing Co.* v. *Fulton,* 227 N. Y. 48.) The facts found by the trial justice are in substance as follows:

Plaintiff and defendant are domestic corporations, existing under the laws of this state, each corporation maintaining an office in the city of New York. The defendant was the selling agent of the Nichols Copper Company, which company maintained a factory and warehouse on Long Island, city of New York.

On or about the 10th of August, 1917, the plaintiff and defendant entered into an agreement in writing by which the defendant sold to the plaintiff and the plaintiff purchased and agreed to receive from the defendant 150 tons of 2,000 pounds each of Nichols Copper Company's Triangle Brand of Sulphate of Copper (Blue Vitriol) at $9.00

per 100 pounds, for delivery at an approximately uniform rate over the month of October, 1917, on terms of net cash in 30 days, less 1% for cash in ten days, in barrels, carload lots, f. o. b. New York.

The contract provided " each month's shipment to be treated as a separate and independent contract, but if the buyer fails to fulfil terms of order, purchase or payment under this or other contracts, seller may defer further shipments until such default is made good and may at its option treat such default as final refusal to accept further shipments hereunder." Further, " The seller (defendant) was privileged to decline to make deliveries except for cash whenever the seller for any reason shall have doubt as to the buyer's responsibility and so advise the buyer, whereupon the buyer was permitted to satisfy the seller of his responsibility, and when the seller was so satisfied deliveries shall be made or received as per above terms."

The goods were to be purchased for consumption and not for resale.

October 6th, 1917, plaintiff having been asked for a financial statement and failed to comply with the request, defendant notified plaintiff in writing that it would not execute the order or contract except on a basis of 10 days, 1%, and limited credit of $3,500, the estimated value of one carload at a time, and " if therefore you are willing to have the order executed with the understanding that you will pay for one carload before requisitioning the second one, or its equivalent in cash, we will be pleased to make shipments or deliveries on this basis." The plaintiff replied in writing on October 8th: " It will be to our satisfaction to have you execute order in the manner you outline, and agree to stipulation that deliveries are to be made on the basis of payment for each individual car before the following one is requisitioned."

The trial justice found as matter of fact " That on October 8th, 1917, the credit terms of the said contract

were revised so as to provide for cash 10 days (1%) buyer's option, and each individual carload was to be paid for before the next one was requisitioned." That one hundred fifty tons of sulphate of copper amounts to six to eight carloads.

Further the trial justice found in effect the following:

On October 9th, 1917, defendant requested in writing of plaintiff instructions as to when and where to ship the orders. The plaintiff failed to requisition any goods or to give instructions for delivery of the same during October. The custom of the trade where goods are sold f. o. b. New York and the goods are to be delivered in New York is for the purchaser to give to the seller shipping instructions. On November 10th, 1917, plaintiff for the first time requested defendant to ship the goods to its place of business at 207 East Tenth street, or any downtown New York pier, the goods then being in the factory of the Nichols Copper Company, of which plaintiff had knowledge. It is not the custom or possible for a seller to deliver a carload of merchandise at a railroad pier or dock without being advised by the buyer that it has the space available to receive it, as no railroad or dock would receive it or permit its docks to be used. Defendant was at all times ready, able and willing to deliver the merchandise as the contract required and performed all its obligations under the contract. That plaintiff was obliged to commence taking the goods in October, 1917, and the delay of a month was unreasonable.

The eleventh finding made by the trial justice was as follows: " Where a contract provides for delivery f. o. b. New York and the goods are already in New York City, the buyer must either call for the goods at the seller's place of business, or to give the seller instructions when and where to ship the goods at the buyer's expense." This finding we consider a conclusion of law.

The record discloses evidence in support of the findings of fact.

As conclusions of law the trial justice found that it was the duty of plaintiff to commence taking the goods within a reasonable time after October 8th. If plaintiff desired to receive the goods it should either have notified defendant that it was prepared to send for them at the factory or elsewhere in New York city, if they were there, or it should have notified the defendant to send them at the plaintiff's expense to its factory or place of business. Plaintiff having failed to give any shipping instructions or to accept any of the goods within a reasonable time after October 8th, has breached its entire contract. That defendant was under no obligation to tender delivery until plaintiff made demand upon it for the merchandise, specifying the time, place and manner of delivery. That defendant performed the terms and conditions of the contract on its part to be performed and is entitled to judgment. The conclusions of law were justified by the findings of fact.

By the terms of the contract between the parties, the goods contracted to be sold by defendant and purchased by plaintiff were to be delivered at " an approximately uniform rate over the month of October, 1917." A revision of the terms of payment provided in the contract, by reducing the term of credit from thirty days to ten days each carload, to be paid for before delivery of the next was requisitioned, did not modify or revoke the existing clause of the contract that delivery was to be made at " an approximately uniform rate over the month of October," which language immediately preceded the terms of credit provided for in the contract.

We may fairly assume that the clause of the contract " for delivery at an approximately uniform rate over the month of October, 1917," had a well-defined meaning in the trade or business in which both parties were engaged. The quantity of goods to be sold and purchased was one hundred fifty tons in barrels, equivalent to six to eight carloads. In October, 1917, when the contract between

the parties was entered into, conditions in the commercial and industrial business were in an unsettled state. The World War was in progress, an unusual demand for chemicals existed, prices for the same fluctuated from day to day. Adequate means for transportation were not readily obtainable. We may presume that the enumerated conditions, as well no doubt as other like conditions, were known to and considered by the parties hereto, and by reason thereof the contract provided for delivery by defendant and acceptance by plaintiff of the goods specified at an " approximately uniform rate over the month of October."

On October 9th defendant evidenced its readiness to deliver goods to plaintiff by written request made to the latter to furnish shipping instructions as to when and where to ship the goods. Upon receipt of such request it was incumbent on plaintiff to give such shipping instructions and to accept delivery of the goods within a reasonable time. It failed to do so and remained silent until November 10th, when it sought to order delivery of the goods, which defendant declined to deliver upon the ground that plaintiff had breached its contract. The trial justice found that such delay on part of plaintiff was unreasonable. Plaintiff, by the terms of its contract, agreed to receive from defendant the goods in question at an approximately uniform rate over the month of October. Such clause was inserted evidently for the protection of both parties, *i. e.,* to obviate a demand by plaintiff for a delivery of the entire quantity of goods at one time and a delivery by defendant of the goods at one time, and thus to provide the manner and time when such delivery should be made.

The failure of plaintiff to give shipping instructions to defendant on October 9th when requested, under the facts as found and circumstances of this case, justified the finding by the trial justice as matter of fact that the delay so to do until November 10th was unreasonable, and that

plaintiff had breached the contract. (Personal Property Law [Cons. Laws, ch. 41], sec. 126; *Wolfert* v. *C. S. I. Co.,* 195 N. Y. 118.)

Under the terms of the contract the goods were to be delivered in carload lots f. o. b. New York. The defendant was ready to make such delivery of the first installment October 9th, and it was its duty to place the goods on any car, free of expense to plaintiff, the latter to pay the freight. The fact that the goods might have been ordered shipped to New York is immaterial, notwithstanding Long Island or the greater part thereof and Manhattan are in New York city.

The plaintiff having thus unreasonably delayed in giving shipping instructions for the goods, the defendant was at liberty to terminate performance of the contract on its part.

We are not required to decide in this case whether or not defendant was bound to give notice of its election to terminate the contract within a reasonable time after the plaintiff had been chargeable with unreasonable delay. Assuming, however, that such duty was imposed on defendant, we cannot say as matter of law that defendant postponed unduly the giving of such notice when it waited until November 10th before announcing its election.

The judgment of the Appellate Division should be reversed and that of the Trial Term affirmed, with costs in the Appellate Division and this court.

HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN and CRANE, JJ., concur; ANDREWS, J., not sitting.

Judgment accordingly.