## Jones *v.* Markley et ux., Appellant.

*Contracts—Married women—Husband's liability—Necessaries—Judgment—Opening—Statement of claim—Sufficiency.*

In an action of assumpsit to recover from a husband money loaned to his wife, the statement of claim averred that the money was loaned on the wife's representation that "it was for the purchase of necessaries of life." The statement did not allege that defendant failed to provide the wife with necessaries suitable to her station, nor that he had abandoned her nor driven her from home.

Such an averment is insufficient to create a prima facie liability of the husband, and judgment against him for want of an affidavit

of defense is invalid. It is only when the husband has abandoned his home or driven his wife therefrom or has refused to provide for her therein that an implied credit arises in her favor under which she is authorized to procure lodging, clothing, food and other necessaries suitable to her condition in life and reasonably within the ability of the husband to pay. Such liability does not cover money borrowed by the wife as that is not an equivalent of the things which a husband is obliged to furnish his wife under its classification of necessaries.

To a declaration not setting forth a prima facie liability of the defendant, no plea was demandable at common law, nor under the Practice Act is an affidavit of defense required where the plaintiff does not set forth in the statement of claim an averment of facts sufficient, if uncontradicted, to support a judgment. All the elements of a complete cause of action must be averred.

Argued October 10, 1927. Appeal No. 74, October T., 1927, by Harry W. Markley from judgment of M. C., Philadelphia, March T., 1926, No. 821 in the case of Oscar W. Jones v. Harry W. Markley and Anna L. Markley. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Reversed.

Assumpsit to recover from husband a loan to his wife made for the purchase of necessaries. Before CRANE, J.

The facts are stated in the opinion of the Superior Court.

Judgment for plaintiff for want of an affidavit of defense. Subsequently the court discharged the rule to open judgment. Defendant appealed.

*Error assigned* was the discharge of the rule to open judgment.

David R. Griffith, Jr., for appellant.—A defective statement of claim requires no reply: Fritz v. Hathaway, 135 Pa. 274; Byrne v. Hayden, 124 Pa. 177; Gottman v. Shoemaker, 86 Pa. 32; Winkleblake v. Van

350    JONES *v.* MARKLEY et ux., Appellant.

Dyke, 161 Pa. 7; Bank v. Ellis, 161 Pa. 244; Bill Posting Company v. Jermon, 27 Pa. Superior Ct. 173.

A husband is not liable for money loaned his wife, who is living in a home provided by him, unless the loan is made at his request: Lancaster & Berks Rwy. Co. v. Casualty Co. of Am., 26 Dist. 761; Barr v. McGary, 131 Pa. 401; Walker v. Simpson, 7 W. & S. 83.

*William D. Harkins,* for appellee.—Kennan v. Quigg & McLinden, 6 Pa. Superior Ct. 58; Buehler v. United States Fashion Plate Company, 269 Pa. 428; Mellon Natl. Bank v. Peoples Bank, 226 Pa. 261; Patriotic Order Sons of America v. Kelley, 267 Pa. 49; Powell v. Doyle, 77 Pa. Superior Ct. 520.

OPINION BY HENDERSON, J., March 2, 1928:

The plaintiff's action was brought against Harry W. Markley and Anna L. Markley, his wife, for money loaned to the latter. It is not alleged that the husband was a borrower of the money or that any contract had been entered into between him and the plaintiff with respect to the amount claimed. An attempt was made in the statement of claim to charge the appellant on an implied liability for the money because at the time it was procured by the wife she represented "that the moneys were needed for the purchase of necessaries of life by her." It nowhere appears in the statement of claim that the defendant had driven his wife from his home or that he had failed to provide her with necessaries in their home, and it is only when the husband has abandoned his home or driven his wife therefrom or has refused to provide for her therein that an implied credit arises in her favor under which she is authorized to procure lodging, clothing, food and other necessaries suitable to her condition in life and reasonably within the ability of the husband to pay. It was held however in Walker v. Simpson, 7 W. & S. 83, that this liability did not cover money borrowed by the wife

as that was not an equivalent of the things which a husband was obliged to furnish his wife under the classification of necessaries. It is not set forth in the statement of claim that the circumstances of the wife were such as to entitle her to charge her husband's estate with any obligation. The averment is merely that the loan was made on her representation that the money was needed for the purchase of necessaries. This falls far short of creating a prima facie liability of the husband. No part of the statement of claim, therefore contained any averment of facts out of which a cause of action existed against the appellant. Notwithstanding this, judgment was entered against the defendant for want of an affidavit of defense. Subsequently he obtained a rule to show cause why the judgment should not be stricken off. This rule was discharged, whereupon an appeal was taken to the Superior Court. When the case was there called, a nonsuit was entered on account of a failure to serve paper books in time. At a later date, a rule to open the judgment was obtained on a petition accompanied by an affidavit of defense. Eleven days later, this rule was discharged and from that order we have this appeal. It is a well established rule of practice that a statement of claim must show the nature and extent of the plaintiff's demand with such clearness and certainty that in default of an affidavit of defense judgment may be taken and liquidated upon the data which it furnished. With respect to all matters of substance, completeness and precision are as necessary now to a statement as they were in a declaration before the Practice Act of 1887. The statement must be self-sustaining and sufficient to support a judgment in the absence of a defense: Barr v. McGary, 131 Pa. 401; Fritz v. Hathaway, 135 Pa. 274; Bank v. Ellis, 161 Pa. 241. To a declaration not setting forth a prima facie liability of the defendant, no plea was demandable at

common law, nor under the Practice Act is an affidavit of defense required where the plaintiff does not set forth in the statement of claim an averment of facts sufficient, if uncontradicted, to support a judgment. All of the elements of a complete cause of action must be averred. It seems clear therefore that the record did not sustain the judgment taken on April 5, 1926, and liquidation of the claim as against the appellant was unauthorized. The application involved in the pending appeal is not addressed to the discretion of the court on equitable principles. It is an assertion of the invalidity of the judgment against the appellant. No claim was asserted against him which would support a judgment. The wife's statement that she needed the money for necessaries was not sufficient to authorize the plaintiff to lend money to her and thus create a liability against her husband.

We see no sufficient reason for concluding that the judgment has obtained validity either from the failure of the appellant to prosecute his appeal in the first instance, or because of his application to open it. He ought not to be held to a judgment which on its face is clearly invalid as to him.

The judgment is therefore reversed and the record remitted to the court below with direction to reinstate the rule to open judgment and make the same absolute.