## Lederle et al. *v.* Kaplan, Appellant.

*Contracts—Building contracts—Affidavit of defense—Insufficiency.*

In an action of assumpsit for a balance due on a building contract,
it was averred in the affidavit of defense, by way of counter claim,
that the defendant suffered a loss in prospective rentals due to the
failure of the plaintiff to comply with the specifications of the con-
tract and certain requirements of the Bureau of Building Inspection.
There was no averment of a diminution of the market value of the
building or of its rental value as a whole, but it was claimed that the
capacity of the building was impaired and the rentals reduced
accordingly.

Such an averment was a mere expression of opinion on the part
of the defendant unsupported by facts and not susceptible of the
certain and definite proof which the law demands. It was highly
speculative and contingent and did not furnish a proper measure of
damages. The allegations of the counter claim were, therefore, in-
sufficient to prevent judgment.

A statement of claim must be self-sustaining and sufficient to sup-
port a judgment in the absence of a defense. It is always open to
attack when plaintiff asks for judgment on the pleadings, and must
aver a complete cause of action and all facts essential to the taking
and liquidating of the judgment. The filing of an affidavit of defense
constitutes no waiver of defendant's right subsequently to rely on
the inadequacy of plaintiff's averments, when the latter asks for
judgment on the pleadings.

Argued October 28, 1927. Appeal No. 335, October
T., 1927, by defendant from judgment of M. C., Phila-
delphia County, June T., 1927, No. 851, in the case of
Robert B. Lederle and J. Harris Tyre, Co-partners,
trading as Robert B. Lederle & Company. Before
PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN,
GAWTHROP and CUNNINGHAM, JJ. Modified and af-
firmed.

Assumpsit for a balance due on a building contract. Before Brown, J.

Rule for judgment for want of a sufficient affidavit of defense.

The facts are stated in the opinion of the Superior Court.

The court made absolute the rule. Defendant appealed.

*Error assigned* was the judgment of the court.

*Edward Unterberger,* for appellant.—The unliquidated damages may be pleaded as a defense, whenever they are capable of liquidation by any known legal standard: Hunt v. Gilmore, 59 Pa. 450, 452; Erie & Pittsburgh R. R. Co. v. Doughet, 88 Pa. 243; Wilson v. Wernwag, 217 Pa. 82, 93; Roth v. Pechin, 260 Pa. 450; Haines, Jones & Cadbury Co. v. Edwin P. Young, 13 Pa. Superior Ct. 303; North German Lloyd Steamship Co. v. Wood, 18 Pa. Superior Ct. 488.

*Alex M. DeHaven,* for appellee.—The mere expression of an opinion of a loss that the defendant will sustain by the alleged breach of contract, was not sufficient to prevent judgment: Allegart v. Smart, 10 W. N. C. Berlin Iron Bridge Co. v. Bota, 180 Pa. 448; Fessler v. Love, 48 Pa. 407; Hendler v. Quigley, 38 Pa. Superior Ct. 39; Bingham v. Wabash P. T. Railway, 223 Pa. 113; Spiese v. Mutual Trust Company, 258 Pa. Superior Ct. 422; Billmeyer v. Wagner, 91 Pa. 95; Gilmore v. Phila. R. T. Co., 253 Pa. 544.

Opinion by Gawthrop, J., March 2, 1928:

Plaintiffs were orally requested by defendant to submit a bid for furnishing and erecting certain structural steel and iron work for an automobile sales and service building. Their bid of $16,000 was ac-

cepted by defendant in writing. Shortly thereafter the Bureau of Building Inspection for the County of Philadelphia ordered certain changes in the weight of some of the steel to be placed in the building, one of which required the furnishing of a certain steel lintel of the weight of one hundred twenty pounds per foot. Plaintiffs installed a lintel weighing sixty-four pounds per foot instead of one hundred twenty pounds per foot. The total amount of the original bid and the supplemental estimates was $17,027.10. The building was finished and accepted by defendant who paid to plaintiffs $15,000 on account. When this suit was brought for the balance of $2,027.10 alleged to be due on the contract, defendant filed an affidavit of defense. Issues of fact were raised as to a small portion of plaintiffs' demand amounting to $325.06. In addition to this defendant pleaded a set-off or counter-claim. His allegation was and is that the substitution by plaintiffs of the steel lintel weighing sixty-four pounds per foot for one weighing one hundred twenty pounds per foot reduced the "carrying capacity of the floor at the place where the said lintel was erected and from the said lintel to the long beam into which the intersecting beams are framed is a space of 206 square feet, which space will only hold one-half the carrying weight of the balance of the building; ...... that the building was erected and is used as a garage, and that the said space would hold two automobiles if the lintel were of the weight intended to be placed there, to wit: 120 pounds per foot, but that by reason of the substitution of such lintel by the reduction in weight to 64 pounds per foot, said space will only carry the weight of one automobile. By reason of the wrongful substitution defendant will lose as a direct cause thereof the rental value of one automobile, to wit: $10 per month for the life of the building, conservatively stated as 20 years, or a total of $2,400." Plaintiffs filed a re-

ply and took a rule for judgment, claiming that the affidavit of defense was insufficient to the extent of the averments as to the counter-claim of $2,400 above mentioned. The court below made the rule absolute and directed the entry of judgment for the amount of plaintiffs' claim as to which the affidavit of defense was held insufficient. From that action we have this appeal.

The ground upon which the court based its action is that the averment that defendant will lose $2,400 as a result of the installation of the lintel weighing sixty-four pounds per foot is a mere expression of an opinion without any averment of facts to sustain it; that it is founded upon an assumption that he will own the building for twenty years, and that it will be used for garage purposes for the entire period, during which there will always be such a demand for storage of cars that he can fill every available space therein; and that the claim is so highly contingent, remote and speculative that it furnishes no reliable measure of damages. We agree with this conclusion. In the nature of things a loss or damage based on such a measure is not susceptible of the certain and definite proof which the law demands. In our view this is not the proper measure of damage to be applied to the breach averred. There is no averment of a diminution of the market value of the building, or of its rental value as a whole. The court was right in holding that the allegations as to defendant's counter-claim were insufficient.

The contention is made on behalf of appellant that plaintiffs were not entitled to judgment because the statement of claim is not self-sustaining in that it does not contain averments of fact which, if not contradicted, would have entitled them to a verdict for the amount of the judgment. It is pointed out that while the statement of claim avers an original contract for

furnishing and erecting material for $16,000 and two supplemental contracts to do certain other work amounting, respectively, to $965 and $62.10, and there is an averment of performance of the main contract and the acceptance by defendant, there is no averment of performance of the supplemental contracts. We are constrained to sustain this contention so far as it relates to that part of the judgment which represents the items of $965 and $62.10 claimed under the supplemental contracts. The statement of claim must be self-sustaining and sufficient to support a judgment in the absence of a defense: Jones v. Markley, 92 Pa. Superior Ct. 348, 74 October T., 1927; Parry v. First National Bank of Lansford, 270 Pa. 556; Chestnut Street National Bank v. Ellis, 161 Pa. 241. It is always open to attack when plaintiff asks for judgment on the pleadings, and must aver a complete cause of action and all facts essential to the taking and liquidating of the judgment. The filing of the affidavit of defense constituted no waiver of defendant's right subsequently to rely on the inadequacy of plaintiffs' averments, when the latter asked for judgment on the pleadings: Parry v. First National Bank of Lansford, supra. It seems clear, therefore, that the statement will not sustain a judgment which includes the amounts claimed under the supplemental contracts. But this is no reason for depriving plaintiffs of judgment for the part of their claim under the main contract which was sufficiently pleaded and as to which the affidavit of defense was insufficient. The judgment of $1,766.14 should be reduced by the sum of items of $965 and $62.10, plus any interest which was allowed thereon to the date of the entering of the judgment, without prejudice to the right of plaintiffs to amend their statement of claim as to these items. The judgment is reduced accordingly.

As so reduced, the judgment is affirmed, with a procedendo.