## Duluth Superior Milling Co. *v*. Binenstock, Appellant.

Argued October 13, 1932.

Before Trexler, P. J., Keller, Gawthrop, Cunningham, Baldrige, Stadtfeld and Parker, JJ.

*Emanuel Moss* of *Moss & Moss*, for appellant.

*Simon Pearl*, and with him *Henry Arronson*, for appellee.

Opinion by Gawthrop, J., November 23, 1932:

On July 28, 1930, in the City of Philadelphia, Duluth-Superior Milling Company entered into a written contract with defendant, whereby defendant agreed to purchase from plaintiff, and plaintiff agreed to sell defendant, two hundred and ten barrels of flour at a

certain price per barrel, "F. O. B. Warehouse." The contract named Philadelphia, Pennsylvania, as the "destination," "allowed" freight to that point, and provided: "Time of shipment within thirty days;" and "terms of payment as used, draft with shipper's order bill of lading attached." It was drawn on a printed form which provided that the sale was made "subject to the terms and conditions on the back hereof." Condition Number 9 provided that the contract should not be binding upon the seller until accepted in writing by a duly authorized agent of seller. The contract was accepted by letter of plaintiff, dated July 29, 1930, which stated that the sale was made "F. O. B. our Warehouse at Philadelphia." Condition Number 4 provided that if the buyer failed to give shipping directions within the time specified on the face of the contract, seller might "at its option: (a) Extend time for shipment subject to a carrying charge of 1/3 cent per day per 200 lbs. for each day so extended, due in advance and payable on demand, the buyer hereby agreeing to pay same; or (b) ship the goods within five days, exercising its judgment as to packages if not specified and require buyer to pay for such goods at the contract price, together with all accrued carrying charges; or (c) treat buyer as in default under contract." Condition Number 5 provided: "Should buyer make default under any of the provisions of this contract seller may (a) refuse to make shipment or delivery of goods not yet shipped or delivered, and hold buyer for all loss occasioned by his default, or (b) sell for buyer's account and without notice, and without recourse to public auction or other public advertising of such sale, all goods not shipped or delivered, and require buyer to pay on demand any loss resulting from such sale and all accrued selling and carrying charges, such sale to be at any time within six months after such default of buyer."

On July 31, 1930, the parties entered into another written contract substantially identical in form for the purchase and sale of five hundred barrels of flour. This contract provided for shipment to Philadelphia within sixty days, "F. O. B. Merchants Warehouse, Philadelphia."

In pursuance of the first contract plaintiff delivered to defendant one hundred and forty-four barrels of flour. Thereafter defendant failed to give plaintiff shipping instructions for any part of the remainder of the flour. On or about April 23, 1931, plaintiff sold in the open market in Duluth, Minnesota, for defendant's account sixty-six barrels of flour for the price of $4.65 per barrel, this being the amount of flour which was not delivered to defendant under the first contract. At the same time and at the same place and in the same manner plaintiff sold the five hundred barrels of flour ordered by defendant under the second contract, at the same price. This suit was brought to recover the difference between the contract price and the selling price of the undelivered flour, together with the carrying charges computed under Condition Number 4 of the contracts.

The statement of claim averred that on many occasions prior to April 23, 1931, plaintiff orally and in writing requested of defendant proper shipping instructions for the flour which had not been delivered, but that defendant failed and refused to give any shipping instructions.

The affidavit of defense contained a mere general denial of this averment. Clearly this was an insufficient denial. It averred that under the terms and conditions of the contracts no shipping directions from defendant were required; that it was obligatory upon plaintiff to ship the flour to the warehouses specified within the time of shipment fixed by the contract; and that, failing to do so, plaintiff was in default under

the contract, and, therefore, could not exercise the rights given to it by the 4th and 5th Conditions thereof. It averred further that plaintiff had no right to extend the time for performance and that the flour could have been sold at a profit during the time plaintiff held it.

The court below entered judgment for want of a sufficient affidavit of defense, and defendant brings this appeal.

One of the principal contentions of defendant is that under the terms of the contracts plaintiff was required to ship the goods within the time specified on the face thereof; and that, as the contracts provided that the goods were to be shipped to specific warehouses in Philadelphia within times certain, defendant was not required to give plaintiff any shipping directions. This contention is untenable. The contract does not warrant any such construction. The conditions printed on the back of the contracts are a part thereof. Therefore, the assertion made by counsel for appellant that there is nothing stated in the contract about shipping directions cannot be supported. While a time limit for shipment is specified in the contracts, they clearly provide that the buyer is to furnish shipping directions as to any shipments to be made "within the time specified," and require the seller to ship in accordance with such directions. But it is equally clear that plaintiff was not bound by the contracts to ship the flour until it received shipping directions. Defendant was to become the actor in the transaction. Therefore, it was not necessary for plaintiff, in order to save itself from default, to tender delivery unless shipping directions were given within the time of shipment specified: Mead & Speer Co. v. Krimm, 43 Pa. Superior Ct. 376; Seligman v. Beecher, 36 Pa. Superior Ct. 475; Sharpsville Furnace Co. v. Snyder, 223 Pa. 372; Partola Mfg. Co. v. General Chemical Co., 234 N. Y. 320. This is the effect of the 4th Condition which provides that if the

buyer fails to give shipping directions within the time specified, the seller may do one of three things, first, extend the time for shipment and collect carrying charges; second, ship the goods within five days of the expiration of the time specified; and third, treat the buyer as in default. Plaintiff elected to exercise the first option, extended the time for shipment, and did not treat the buyer as in default. Subsequently it demanded of defendant that he furnish shipping instructions as to the flour which had not been shipped, but defendant failed and refused to give any such instructions. Defendant contends that plaintiff, by exercising its option to extend the time for shipment, deprived itself of its right to treat him as in default under the contract. If the contract were to be so construed plaintiff could never sell the undelivered flour for defendant's account and demand the loss resulting from such sale, but could only continue to hold defendant liable for the carrying charge of 1/3 cent per day per two hundred pounds. While the question, whether or not Conditions Number 4 and 5 of the contract gave plaintiff the right to treat defendant as in default after it extended the time for shipment, is not free from difficulty, we have reached the conclusion that they did. In our opinion an extension of the time for shipment merely postpones the time when defendant may be treated as in default in failing to give shipping directions. After plaintiff extended the time for shipment defendant was entitled to notice that plaintiff would grant no further indulgence and was terminating the extension. Plaintiff's averment, which was not sufficiently denied, that it requested of defendant proper shipping instructions and that he refused to give such instructions, is sufficient, for present purposes, to establish notice to defendant that the extension of time for shipment had been terminated and defendant would be treated as in default. It was then defendant's duty

promptly to furnish the shipping directions. His failure to do so rendered him in default. The 5th Condition of the contract gave plaintiff the right to sell the unshipped flour within six months after such default. The sale was made April 23, 1931. The plaintiff's statement does not aver that this sale was within six months after such default. The times when the request by plaintiff for shipping instructions were given are not averred. Therefore, the plaintiff's statement is insufficient, because it fails to aver a fact which is essential to support the judgment entered, to wit, that the sale was made within six months of the default. When a plaintiff asks for judgment on the pleadings the statement of claim must aver a complete cause of action and all facts essential to the taking and liquidating of the judgment. The filing of an affidavit of defense constitutes no waiver of defendant's right subsequently to rely on the inadequacy of plaintiff's averments when the latter asks for judgment on the pleadings: Lederle v. Kaplan, 93 Pa. Superior Ct. 147; Parry v. First National Bank of Lansford, 270 Pa. 556.

The judgment cannot be sustained for another reason. The selling price of the flour included the cost of freight to Philadelphia. Plaintiff agreed to pay the freight. It is not specifically alleged where the goods were sold, whether in Duluth, Minnesota, or in Philadelphia. But apparently they were sold in Duluth, because plaintiff calculates the carrying charges on the "balance unshipped." If the goods were sold in Duluth it was necessary for plaintiff to give credit to defendant for the freight from that point to Philadelphia. This was not done. Under the judgment entered plaintiff is permitted to recover not only the loss to which it may be entitled under the contracts, but also the cost of the freight from Duluth to Philadelphia.

The judgment is reversed with a procedendo.