## Department of Public Assistance v. Hurlbutt et ux.

*John C. Youngman*, for Department of Public Assistance.

*Carpenter & Carpenter*, for defendants.

HUMES, J., August 22, 1940.—This matter comes before us on an affidavit of defense raising questions of law. Action was brought in assumpsit by plaintiff against husband and wife to require them to repay pecuniary assistance granted by plaintiff to defendant wife. The wife is now dead, and the husband seeks to have the court enter judgment for him and against plaintiff on the ground that he "is not legally liable and responsible for the repayment of moneys alleged to have been paid to Emma Hurlbutt by the Commonwealth of Pennsylvania through . . . the Department of Public Assistance."

In support of defendant's position his counsel have cited three cases: Walker v. Simpson, 7 W. & S. 83; Jones v. Markley et ux., 92 Pa. Superior Ct. 348; and Pletcher v. Pletcher, 13 D. & C. 161. None of these cases is directly in point. In the last case, plaintiff, in suing for the recovery of hospital and medical bills paid by her for the care of her mother, did not show that the husband, plaintiff's stepfather, had neglected or refused to pay them, or that he had been requested by his wife to pay them; plaintiff did not aver that she paid the bills at her stepfather's request, that she was a surety for their payment, or that she was under form of legal compulsion to pay them; she did not show that she had paid them with any expectation of being repaid and, indeed, it is as logical that she paid them out of natural love and affection for her mother without expectation of repayment, as that she did so with that expectation in mind. Holding that the statement of claim thus failed to show that plaintiff was more than a mere volunteer and that no privity of contract existed between plaintiff and defendant, the court directed the entry of judgment for defendant.

We cannot consider payments made by the Department of Public Assistance upon proper application to it, and investigation by it, in the same light as payments by a daughter in behalf of her mother, and do not consider such payments by that department as payments by a volunteer.

In Jones v. Markley et ux., supra, the case turned upon the point that the statement failed to make any allegation that the husband had driven the wife from home or had failed to provide her with necessaries at home, but merely alleged that the wife had "represented" that the moneys were needed for the purchase of necessaries of life by her; by his failure to aver more, plaintiff limited himself to proof of the fact that such a representation took place. He did not aver that the representation was of a fact, or

that the other elements of a complete cause of action were present.

In the case at issue, plaintiff has made averments of the elements of a complete cause of action. Although defendant's brief argues that the statement does not show whether the Hurlbutts were living together, whether the husband was providing his wife with necessaries, or whether the wife was authorized to apply for old-age assistance, it was admitted at the argument that the first paragraph of the statement constitued an averment that they were living together, and the legal duty of the husband to support the wife and her right to obtain credit for necessaries would follow.

In Walker v. Simpson, supra, the husband and wife were separated, and therefore the duty of the husband to support his wife did not arise by implication, but had to be averred and proved. The basis for the decision is shown by the language quoted (p. 88) :

"It was not shown, except by the declaration of the wife, which was really no evidence of the fact, that the plaintiff turned his wife away without cause, or that he turned her away at all, without which the defendant would not have been justified in furnishing her even with necessaries on the credit of the plaintiff, much less in paying her money on his account; for all persons supplying either food, lodging or raiment to a married woman living separate from her husband are bound to make inquiries, and they give credit at their peril."

Thus, the Walker case differs substantially from the case at bar, because we have the necessary elements averred to make a complete case.

The averment is present that defendants were living together, and the duty to support arises by implication as did not rise in the Walker case without special averment.

The Walker case, however, and the Jones case following the Walker case, are cited by the defense, not as being on all fours with the instant case, but as ruling on the point that money is not a "necessary", but "necessaries"

are limited to food, raiment and shelter. The opinion in the Walker case so states, citing 2 Kent's Commentaries 146 (14th ed.), and the Jones case approves that position, but, so far as those two cases are concerned, the pronouncement is mere dictum. We quote further from Walker v. Simpson (p. 88) :

"Neither was it shown to what use the money received by the wife was applied, whether to the procurement of necessaries or anything else; so that as far as the evidence given went, necessaries were not brought into view in this case at all."

We have been able to find no Pennsylvania cases deciding squarely that the furnishing of money which is used to buy necessaries is not the furnishing of necessaries, but we have had our attention called to the A. L. I. Restatement of Restitution, §113(d), p. 469, which states: "Necessaries may include money, provided it is used for securing necessary things." Plaintiff has made its averment in paragraph 3 of the statement, laying ground for the proof of this element of the case.

In the absence of any authoritative law in Pennsylvania, upon payments of moneys as necessaries, except the statements in the cases cited which, being mere dicta, lack the force of an adjudication, we feel constrained to accept the modern authority of the Restatement, rather than that of Kent's Commentaries, since we have faith in the object and character of the Restatement "to present an orderly statement of the general common law of the United States, including in that term not only the law developed solely by judicial decision, but also the law that has grown from the application by the courts of statutes that have been generally enacted and have been in force for many years": Restatement of Restitution, p. ix.

We believe that plaintiff has made sufficient averments in his statement of claim to put defendant to a defense, and to allow plaintiff an opportunity to prove his allegations we, therefore, enter the following

470

*Order.*

And now, August 22, 1940, the questions of law raised by the affidavit of defense are decided against defendant, and defendant may file a supplemental affidavit of defense within 15 days from this date.